CLOSED, STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:05-cv-06772-AB
#### Internal Use Only

SALIZZONI v. GANDER HILL PRISON et al
Assigned to: HONORABLE ANITA B. BRODY
Cause: 42:1983 Civil Rights Act

Date Filed: 12/25/2005
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**MICHAEL SALIZZONI**

represented by **FRANK J. MARCONE**
LAW OFFICES OF FRANK J. MARCONE
2530 NORTH PROVIDENCE ROAD
UPPER PROVIDENCE, PA 19063
610-595-1441
Fax: 610-595-1448
Email: frankmarcone@comcast.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**GANDER HILL PRISON**

represented by **AMY ZAPP**
DEPUTY ATTORNEY GENERAL
STRAWBERRY SQUARE
16TH FLOOR, APPEALS AND LEGAL
SERVICES SECTION
HARRISBURG, PA 17120
717-705-4487
Email: azapp@attorneygeneral.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CHRISTOPHER D. CARUSONE**
PA OFFICE OF ATTORNEY GENERAL
APPEALS AND LEGAGL SERVICES
SECTION
16TH FLOOR
STRAWBERRY SQUARE
HARRISBURG, PA 17120
717-783-6273
Email:

CCARUSONE@ATTORNEYGENERAL.GOV
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**OPHELIA M. WATERS**
DELAWARE DEPARTMENT OF JUSTICE
820 N. FRENCH ST., 6TH FL CIV DIV
WILMINGTON, DE 19801
US
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOE**

**Defendant**

**JANE DOE**
*M.D. MEDICAL DIRECTOR*

**Defendant**

| | | |
|---|---|---|
| **STATE OF DELAWARE CORRECTIONAL SYSTEM PRISON HEALTH SERVICES, INC.** | represented by | **CHRISTOPHER D. CARUSONE** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **WARDEN GANDER HILL PRISON** | represented by | **AMY ZAPP** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**CHRISTOPHER D. CARUSONE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**OPHELIA M. WATERS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **COMMISSIONER, DEPARTMENT OF CORRECTIONS, STATE OF DELAWARE** | represented by | **AMY ZAPP** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**CHRISTOPHER D. CARUSONE**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**OPHELIA M. WATERS**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/25/2005 | 1 | COMPLAINT against GANDER HILL PRISON, JOHN DOE, JANE DOE, STATE OF DELAWARE CORRECTIONAL SYSTEM PRISON HEALTH SERVICES, INC., WARDEN GANDER HILL PRISON, COMMISSIONER, DEPARTMENT OF CORRECTIONS, STATE OF DELAWARE ( Filing fee $ 250 receipt number 924443.), filed by MICHAEL SALIZZONI.(ti, ) (Entered: 12/29/2005) |
| 12/25/2005 | | Four Original Summons Issued as to GANDER HILL PRISON, STATE OF DELAWARE CORRECTIONAL SYSTEM PRISON HEALTH SERVICES, INC., WARDEN GANDER HILL PRISON, COMMISSIONER, DEPARTMENT OF CORRECTIONS, STATE OF DELAWARE. Forwarded To: Counsel on 12/29/05 (ti, ) (Entered: 12/29/2005) |
| 12/25/2005 | | DEMAND for Trial by Jury by MICHAEL SALIZZONI. (ti, ) (Entered: 12/29/2005) |
| 12/25/2005 | | ***Set/Clear Flags Set Flag Standard Case Management Track (ti, ) (Entered: 12/29/2005) |
| 04/24/2006 | 2 | Praecipe to issue alias summons filed by MICHAEL SALIZZONI. (mac, ) (Entered: 04/25/2006) |
| 04/28/2006 | 3 | Amended Praecipe for alias summons filed by MICHAEL SALIZZONI. (mac, ) (Entered: 04/28/2006) |
| 04/28/2006 | | Four(4) Alias Summons Issued as to GANDER HILL PRISON, STATE OF DELAWARE CORRECTIONAL SYSTEM PRISON HEALTH SERVICES, INC., WARDEN GANDER HILL PRISON, COMMISSIONER, DEPARTMENT OF CORRECTIONS, STATE OF DELAWARE. Forwarded To: Counsel for Plaintiff on 4/28/06. (mac, ) (Entered: 04/28/2006) |
| 04/28/2006 | 4 | MOTION TO EXTEND THE PERIOD FOR SERVICE OF THE COMPLAINT FILED BY MICHAEL SALIZZONI..(mac, ) Additional attachment(s) added on 5/11/2006 (mo, ). (Entered: 04/28/2006) |

| 05/11/2006 | ⦿5 | ORDER - UPON CONSIDERATION OF THE MOTION SEEKING AN EXTENSION OF TIME IN WHICH PROCESS MUST BE SERVED, IT IS HEREBY ORDERED AND DECREED THE SAID MOTION IS GRANTED AND THE TIME IN WHICH PROCESS MUST BE SERVED IS EXTENDED TO MAY 10, 2006.. SIGNED BY JUDGE ANITA B. BRODY ON 05/10/2006.05/11/2006 ENTERED AND COPIES SENT VIA ECF AND U.S. MAIL. (mo, ) (Entered: 05/11/2006) |
|---|---|---|
| 05/12/2006 | ⦿6 | SUMMONS Returned Executed filed by MICHAEL SALIZZONI re: Robert Frick served Summons and Complaint upon GANDER HILL PRISON by Personal Service. GANDER HILL PRISON served on 4/28/2006, answer due 5/18/2006. (mac, ) (Entered: 05/15/2006) |
| 07/24/2006 | ⦿7 | MOTION FOR JUDGMENT BY DEFAULT FOR FAILURE TO ANSWER FILED BY MICHAEL SALIZZONI,MEMORANDUM.(mac, ) (Entered: 07/24/2006) |
| 07/25/2006 | ⦿8 | MOTION for Default Judgment as to Gander Hill Prison, John/Jane Doe, M.D., Medical Director. State of Delaware Correctional System, Prison Health Services, Inc., Warden Gander Hill Prison, Commissioner, Department of Corrections, State of Delaware filed by MICHAEL SALIZZONI.memorandum certificate of service.(MARCONE, FRANK) (Entered: 07/25/2006) |
| 07/27/2006 | ⦿9 | CERTIFICATE OF SERVICE by MICHAEL SALIZZONI. (stb, ) (Entered: 07/27/2006) |
| 08/09/2006 | ⦿10 | MOTION FOR ADMISSION PRO HAC VICE OF OPHELIA M. WATERS FILED BY GANDER HILL PRISON, WARDEN GANDER HILL PRISON, COMMISSIONER, DEPARTMENT OF CORRECTIONS, STATE OF DELAWARE,STATEMENT, CERTIFICATE OF COUNSEL, CERTIFICATE OF SERVICE.(mac, ) Additional attachment(s) added on 9/27/2006 (mac, ). (Entered: 08/09/2006) |
| 08/14/2006 | ⦿11 | ORDER that THE APPLICATION OF OPHELIA M. WATERS, ESQUIRE, TO PRACTICE IN THIS COURT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(b) IS GRANTED. SIGNED BY JUDGE ANITA B. BRODY ON 08/10/2006.08/14/2006 ENTERED AND COPIES VIA ECF AND U.S. MAIL. (mo, ) (Entered: 08/14/2006) |
| 08/18/2006 | ⦿12 | Limited Entry of Appearance filed by GANDER HILL PRISON, STATE OF DELAWARE CORRECTIONAL SYSTEM PRISON HEALTH SERVICES, INC., WARDEN GANDER HILL PRISON, COMMISSIONER, DEPARTMENT OF CORRECTIONS, STATE OF DELAWARE, Certificate of Service.(CARUSONE, CHRISTOPHER) Modified on 8/21/2006 (np). (Entered: 08/18/2006) |
| 08/18/2006 | ⦿13 | Memorandum in Opposition re 8 MOTION for Default Judgment as to Gander Hill Prison, John/Jane Doe, M.D., Medical Director. State of Delaware Correctional System, Prison Health Services, Inc., Warden |

|  |  | Gander Hill Prison, Commissioner, Department of Corrections, State of Delaware filed by GANDER HILL PRISON, STATE OF DELAWARE CORRECTIONAL SYSTEM PRISON HEALTH SERVICES, INC., WARDEN GANDER HILL PRISON, COMMISSIONER, DEPARTMENT OF CORRECTIONS, STATE OF DELAWARE, Certificate of Service. (Attachments: # 1 Exhibit)(CARUSONE, CHRISTOPHER) Modified on 8/21/2006 (np). (Entered: 08/18/2006) |
|---|---|---|
| 08/18/2006 |  | ***Attorney CHRISTOPHER D. CARUSONE for WARDEN GANDER HILL PRISON, COMMISSIONER, DEPARTMENT OF CORRECTIONS, STATE OF DELAWARE added. (np) (Entered: 08/21/2006) |
| 09/07/2006 | ❸14 | NOTICE of Hearing: A RULE 16 CONFERENCE IS SCHEDULED FOR TUESDAY, SEPTEMBER 12, 2006 AT 10:30 A.M., IN JUDGE'S CHAMBERS, ROOM 7613 ON THE 7TH FLOOR BEFORE THE HONORABLE ANITA B. BRODY. 9/7/2006 ENTERED AND COPIES SENT VIA ECF AND U.S. MAIL.(mo, ) (Entered: 09/07/2006) |
| 09/11/2006 | ❸15 | ORDER that THE TIME OF THE RULE 16 CONFERENCE SCHEDULED FOR TUESDAY, SEPTEMBER 12, 2006 AT 10:30 A.M. WILL NOW BE HELD AT 3:00 P.M.. THE CONFERENCE WILL BE HELD IN CHAMBERS, ROOM 7613 ON THE 7TH FLOOR OF THE U.S. COURTHOUSE, 601 MARKET ST., PHILADELPHIA, PA. . SIGNED BY JUDGE ANITA B. BRODY ON 09/11/2006. 09/11/2006 ENTERED AND COPIES VIA ECF AND U.S. MAIL.(mo, ) (Entered: 09/11/2006) |
| 09/13/2006 | ❸16 | Minute Entry for proceedings held before Judge ANITA B. BRODY : Rule 16 Conference held on 9/12/06. Counsel addressed the Court. The Court discussed transfer of venue with counsel. The Court shall not dismiss the case, but shall not dismiss the case but not shall transfer it to Delaware as stated on the record. Court Reporter: James F.G. Scheidt. (mac, ) Modified on 9/13/2006 (mac, ). (Entered: 09/13/2006) |
| 09/13/2006 |  | ***Deadlines terminated. (mac, ) (Entered: 09/13/2006) |
| 09/19/2006 | ❸17 | ORDER THAT THIS CASE IS TRANSFERRED TO THE U.S.D.C. FOR THE DISTRICT OF DELAWARE. SIGNED BY JUDGE ANITA B. BRODY ON 9/14/06. 9/20/06 ENTERED AND COPIES MAILED AND E-MAILED.(kw, ) (Entered: 09/20/2006) |
| 09/19/2006 |  | ***Deadlines terminated., ***Documents terminated. (kw, ) (Entered: 09/20/2006) |
| 09/19/2006 |  | ***Civil Case Terminated. (kv, ) (Entered: 09/21/2006) |

Frank J. Marcone, Esq.                              Atty ID # 8967
2530 N. Providence Rd                              Telephone 610 595 1441
Upper Providence, PA. 19063                        Fax 610 595 1448

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D. MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GANDER HILL PRISON, COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONS, STATE OF | : | |
| DELAWARE, | : | jury trial demanded |
| Defendants | : | |

## COMPLAINT

Michael Salizzoni, the Plaintiff herein, by his attorney, Frank J. Marcone, Equire, files this Civil Complaint averring a violation of his Civil Rights under the provisions of 42 U.S.C.A. Section 1983 and others, and in support of his claim for damages resulting therefrom avers the following:

1. Jurisdiction of the Court is based upon a claim being made pursuant to the Civil Rights Act of 1964 and more specifically, Section 1983 and others and has resulted in an injury which may be fatal.

2. Michael Salizzoni, the Plaintiff is an individual currently residing at 661 Whiterock Road, Bear Delaware 19701.

3. The Defendants, the Gander Hill Prison, John/Jane Doe, M.D., Medical Director of the State of Delaware Correctional System, Prison Health Services, Inc., Warden of Gander Hill Prison, Commissioner of the Department of Corrections of the State of Delaware are all entities and individuals who maintain their offices at and may be considered residents of the State of Delaware

4.  On or about the 23rd of November, 2002 the Plaintiff, Michael Salizzoni was incarcerated in Gander Hill Prison based upon a warrant which had been filed by the State of New Jersey wherein the Plaintiff was incorrectly alleged to have failed to pay a certain support Order which had originated in New Jersey.

5.  At the time of his arrest and incarceration, the Plaintiff was under treatment for Hepatitias C and was being treated at the Veteran's Hospital at Wilmington, Delaware and that treatment required a regimen of chemotherapy which was administered on a daily basis and which consisted of certain medications which were delivered to the Gander Hell Prison for the purposes of providing the continuous treatment during his incarceration.

6.  Thereafter, he was taken to court where it was admitted the arrest and incarceration were the result of an error in keeping record of funds which had been paid into the support order.

7.  The Plaintiff was ordered to be released from Prison.

8.  Instead of releasing the Plaintiff, Gander Hill Prison refused to release him until three days thereafter.

9.  During his incarceration he was denied access to the chemotherapy and was thereby deprived of the continuity of the treatment.

10.  Upon his release from Gander Hill Prison, the Plaintiff visited with his physician and learned the breach of the continuity in his treatment had resulted in the return of the Hepatitis C as though he did not undergo the treatement.

11.  Distressed and annoyed over what had occurred, the Plaintiff determined to delay the return to chemotherapy treatment.

12.  Within the last two years, the Plaintiff determined to reinstate treatment and learned the involuntary interruption of his chemotherapy treatment between his incarceration and his release in late December, 2002 has resulted in his losing any further effect from chemotherapy for the interruption has caused him to lose the ability to reinstate the same treatment and has deprived him of the treatment which may have cured his condition.

13.  The Plaintiff has been informed the chemotherapy treatment he was receiving had

provided the Plaintiff with an apparent cure and had he been able to complete the treatments the condition, which is fatal, may have been cured.  The breach of the treatment resulting in the interruption of treatment has rendered any further treatment ineffective for the chemotherapy treatment was interrupted in such a manner as to render the condition untreatable by further chemotherapy.

14.  The Plaintiff was unaware of the serious nature of the condition which resulted from the Gander Hill Prison depriving him of the chemotherapy treatment until he attempted to begin further treatment.

15.  The Plaintiff discovered the damage caused by the denial of his chemotherapy treatment within the past two years.

16.  The injury caused to the Plaintiff resulted from the actions of the above named Defendants in that they conspired to deprive him of his civil right to medical treatment as prescribed by his physician.

17.  That deprivation was committed in the conspiratorial acts of the Defendants and were committed under the color of State law.

18.  The Plaintiff's physician had contacted the Gander Hill Prison and notified the medical and guard staff that the chemotherapy was critical and had to be provided to the Plaintiff to be effective.

19.  The Defendants, acting in concert with each other purposefully, negligently and with an intent to injure the Plaintiff deprived the Plaintiff of his medication after they were notified the continued treatment was necessary and imperative.

20.  That the Plaintiff has suffered an injury from the actions of the Defendants and he seeks damages in consideration thereof.

WHEREFORE, the Plaintiff respectfully prays the court enter a judgment against all the Defendants in an amount in excess of $100,000 and said judgment to be entered both jointly and severally against all named defendants.

Respectfully submitted,

_____
Frank J. Marcone, Esq.
Attorney for the Plaintiff
Michael Salizzoni

December 24, 2005

*Frank J. Marcone, Esq.*
*2530 N. Providence Rd*
*Upper Providence, PA. 19063*

CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2006 OCT 25  AM 11: 23

*Atty ID # 8967*
*Telephone 610 595 1441*
*Fax 610 595 1448*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | CIVIL ACTION NO.05-cv-6772 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | FILED |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D. MEDICAL DIRECTOR, STATE OF | : | APR 2  2006 |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | MICHAEL E. KURZ, Clerk |
| GANDER HILL PRISON, COMMISSIONER, | : | By _MAC_ Dep. Clerk |
| DEPARTMENT OF CORRECTIONS, STATE OF | : | |
| DELAWARE, | : | jury trial demanded |
| Defendants | : | |

## PRAECIPE FOR ALIAS SUMMONS

TO THE CLERK:

Please issue replacement "Alien" Summons in the above captioned case:

Frank J. Marcone, Esquire
Attorney for the Plaintiff,
Michael Salizzoni

April 24, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

APR 2 8 2006

MICHAEL SALIZZONI             :     CIVIL ACTION NO.
       Plaintiff              :
                             :
vs.                           :
                             :
GANDER HILL PRISON: JOHN/JANE DOE   :
M.D. MEDICAL DIRECTOR, STATE OF     :     **F** I L E D
DELAWARE CORRECTIONAL SYSTEM        :     APR 2 8 2006
PRISON HEALTH SERVICES, INC., WARDEN :    MICH...
GANDER HILL PRISON, COMMISSIONER,   :     By _MPC_
DEPARTMENT OF CORRECTIONS, STATE OF :
DELAWARE,                     :     jury trial demanded
       Defendants             :

## MOTION TO EXTEND THE PERIOD FOR SERVICE
## OF THE COMPLAINT

To the Honorable, Anita B. Brody, Judge of the United States District Court:

    Michael Salizzoni, by his attorney, Frank J. Marcone, Esq., files this Motion praying for a fifteen day extension to serve the Complaint filed in the above captioned matter and in support of said Motion avers the following:

    1. The Complaint in this matter was filed just before Christmas of 2005 and immediately thereafter, counsel served copies of the Complaint upon each Defendant by regular mail, seeking their cooperation in accepting service without need to formally procure service by person.

    2. Neither Defendant has responded.

    3. Counsel has received Notice from the Court that unless service is completed within the following few days, the Complaint may be dismissed without prejudice.

4. Counsel investigated and learned the Summons were apparently mailed to his office on or about the 24ᵗʰ of December, 2005. A search of the files failed to locate the documents.

5. Counsel immediately made arrangements to procure "alien" summons by filing a Praecipe with the Clerk requesting new Summons issue forthwith. Counsel also immediately made arrangements with an investigator to serve the documents personally.

6. Baring unforseen difficulties, counsel believes he will be able to comply with the requirement imposed by the Court however is seeking an additional fifteen (15) days extension to provide for unexpected difficulties.

WHEREFORE, the Plaintiff respectfully prays the Court enter an Order extending the period within which service must be completed to May 10ᵗʰ, 2006.

Respectfully submitted,

Frank J. Marcone, Esquire
2530 North Providence Road
Upper Providence, Pennsylvania 19063
(610) 595 1441

April 25, 2006



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| | : | 05-cv-6772 |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D. MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GANDER HILL PRISON, COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONS, STATE OF | : | |
| DELAWARE, | : | jury trial demanded |
| Defendants | : | |

## ORDER

**AND NOW,** this            day of                    ,2006, upon consideration of the
Motion seeking an extension of the time in which Process must be served, it is hereby
ORDERED AND DECREED the said Motion is GRANTED and the time in which
process must be served is extended to May 10, 2006.

By the Court:

_____
Hon. ANITA B. BRODY, JUDGE

(4)

AB

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | CIVIL ACTION NO. |
|     Plaintiff | : | |
| | : | 05-cv-6772 |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D. MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GANDER HILL PRISON, COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONS, STATE OF | : | |
| DELAWARE, | : | jury trial demanded |
|     Defendants | : | |

## ORDER

**AND NOW,** this 10th day of May ,2006, upon consideration of the
Motion seeking an extension of the time in which Process must be served, it is hereby
ORDERED AND DECREED the said Motion is GRANTED and the time in which
process must be served is extended to May 10, 2006.

By the Court:

_____

Hon. ANITA B. BRODY, JUDGE

Copies via ECF on — To:   Copies via US Mail on — To:

06-659

AO 441 (Rev. 5/85) Summons in a Civil Action

6

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me (1) | DATE | 4/28/06 |
|---|---|---|
| NAME OF SERVER  ROBERT FRICK | TITLE | PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: _at Security desk in_ _admin bldg of Gander Hill Prison_

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ___

☐ Returned unexecuted: ___

FILED

MAY 1 2 2006

MICHAEL E. KUNZ, Clerk
By ___ Dep. Clerk

☐ Other (specify): ___

### STATEMENT OF SERVICE FEES

| TRAVEL 224.00 | SERVICES 440.00 | TOTAL 664.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 4/28/06            Robert Frick
                Date              Signature of Server
        1:40 PM     1126 Morton Ave. Folsom, PA
                        Address of Server

Delivered to Security Guard to hand to Kelly Bradly who was at lunch w/ copy of complaint

2006 OCT 25 AM 11:24
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## SUMMONS IN A CIVIL ACTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SALIZZONI<br><br>        v.<br><br>GANDER HILL PRISON, STATE OF DELAWARE<br>CORRECTIONAL SYSTEM PRISON HEALTH SERVICES,<br>INC.,  WARDEN GANDER HILL PRISON,<br>COMMISSIONER, DEPARTMENT OF CORRECTIONS,<br>STATE OF DELAWARE, | CIVIL ACTION NO. 05-6772<br><br><br>TO: (NAME AND ADDRESS OF<br>    DEFENDANT) |
| | Alias |

### YOU ARE HEREBY SUMMONED and required to serve upon

Plaintiff's Attorney (Name and Address)

   Frank Marcone, Esquire
   2530 North Providence Road
   Upper Providence, PA 19063

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date:  April 28, 2006 |
| (By) Deputy Clerk<br><br>Mark Ciamaichelo | |

06 - 6 5 9

*Frank J. Marcone, Esq.*
*2530 N. Providence Rd*
*Upper Providence, PA. 19063*

*Atty ID # 8967*
*Telephone 484 442 830*
*Fax 484 442 8306*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SALIZZONI
    Plaintiff

vs.

GANDER HILL PRISON: JOHN/JANE DOE
M.D. MEDICAL DIRECTOR, STATE OF
DELAWARE CORRECTIONAL SYSTEM
PRISON HEALTH SERVICES, INC., WARDEN
GANDER HILL PRISON, COMMISSIONER,
DEPARTMENT OF CORRECTIONS, STATE OF
DELAWARE,
    Defendants

CIVIL ACTION NO. 05-6772



FILED

JUL 2 4 2006

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

jury trial demanded

## PLAINTIFF'S MOTION FOR JUDGMENT
## BY DEFAULT FOR FAILURE TO ANSWER

**TO THE HONORABLE, ANITA B. BRODY**, Judge of the United States District Court for the Eastern District of Pennsylvania:

    Michael Salizzoni, by his attorney, Frank J. Marcone, Esquire, files this Motion requesting the Court enter Judgment by Default pursuant to the Federal Rules of Civil Procedure, Rule and in support of the said Motion avers the following:

    1. Michael Salizzoni is an individual who has filed this 42 U.S.C. Section 1983 action averring that he was incarcerated in the "Gander Hill Prison" as a result of an improper accusation that he had not been paying his child support in the State of New Jersey. Before he was improperly incarcerated, he was suffering from Hepatitis C which is a potentially fatal disease.

    2. Prior to his incarceration, he was involved in a regimen of chemotherapy which is a

1

cure for the condition. That regimen requires once the chemotherapy begins the continuation of the regimen is absolutely necessary and any interruption in the regimen renders further treatment useless.

3. During his incarceration, the physician treating the Plaintiff, Michael Salizzoni had the chemotherapy drugs delivered to the Prison with instructions that the treatment must continue while he was incarcerated. The Prison refused to comply with the instructions of the physician and his physician's instructions were ignored resulting in a cessation of the chemotherapy.

4. After his release, the Plaintiff sought treatment and learned the interruption in his regimen of treatment had probably rendered the disease terminal.

5. Suit was started on December 25, 2005 when the Plaintiff filed a Complaint averring an injury as described above.

6. On February 6, 2006, the Plaintiff's attorney sent Notice of Suit to Gander Hill Prison, (MPCJF) Howard R. Young, Correctional Institution at P.O. Box 9279, Wilmington, Delaware, 19809. A copy of that Notice is attached hereto and is marked "Exhibit A". The actual notice constituted seven pages. The notice was sent by United States Mail, postage prepaid, first class.

That Notice enclosed a copy of the following:

1) Complaint
2) Notice of Lawsuit and Request for Waiver of Service of Summons
3) Two copies of the Waiver
4) Duty to Avoid Unnecessary Costs of Service or Summons
5) Notice of Right to Consent to Exercise of Jurisdiction by a United
   States Magistrate Judge.

7. A second Notice was sent on February 6, 2006 which was a repetitive act however it did constitute a second notice. A copy of the letter of transmittal is enclosed and is marked "Exhibit B".

8. There was no response to either letter dated February 6 and February 7, 2006 nor were

2

the letters and enclosures returned to Plaintiff's counsel. A third notice was sent on February 9th, 2006 and a copy of that Notice is attached hereto and is marked "Exhibit C".

9. Having received no response, Plaintiff's counsel instructed his paralegal to send a fourth notice which is identical to the first two but which is dated February 15, 2006. A copy of that Notice is attached hereto, made a part hereof and is marked "Exhibit D" Those notices were sent by regular mail, postage prepaid and were never returned to Plaintiff's counsel.

10. On April 20th, 2006, Marie O'Donnell, Civil Deputy/Secretary to the Hon. Anita B. Brody, sent a letter to Plaintiff's counsel informing him that the record revealed service had not been accomplished and it must be made on or before April 28th, 2006.

11. Plaintiff's counsel immediately investigated and learned the Defendants had never responded to the five notices referred to above.

12. Plaintiff's counsel contacted the Office of the Clerk and procured copies of Summon's which for reasons unknown had never been placed in the client's file. Since suit began on Christmas day, it is possible the Summons' were misplaced or lost in the mail.

13. On April 24, 2006, counsel for the Plaintiff prepared and filed a Praecipe for alias summons which was entered on the record on April 25, 2006.

14. On April 25, 2006, Plaintiff's counsel prepared a Motion seeking the Appointment of a Process Server pursuant to Local Rule 4.1. That Motion was accompanied by an Order which was signed by the Clerk appointing Robert Frick as the authorized Process Server.

15. On April 28, 2006, the Clerk o f the Court issued Four (4) Alias Summons directed to the Defendants herein and the same were procured by Mr. Frick for immediate Service.

16. On April 28, 2006, Plaintiff's counsel filed a Motion seeking an extension of time in which to serve the Summons and Complaint.

17. On April 28, 2006, the Plaintiff's Authorized Process Server effected service by personally delivering copies of the Alias Summons and Complaint together with a notice to

3

respond on or before May 18, 2006.

18. On May 12, 2006, the Plaintiff filed a Return executed by Robert Frick attesting he served the Summons and Complaint upon Gander Hill Prison on April 28, 2006.

19. On May 12, 2006, Plaintiff's counsel sent a letter to the Defendants with a copy to the Plaintiff and the Court. That letter contains the following statement:

> "Service of a Complaint and Notice that unless a response is received by the Court on or before the 19th day of May, a Judgment by default will be entered against you has been served upon your office on April 28, 2006....Please attend to this as notified".
>
> A copy of that letter is attached hereto and is marked "Exhibit E".

20. That letter contained a full caption of the case but the Defendants have failed to respond to the letter and notice.

22. By count, the Plaintiff has served five separate letters containing notice of suit upon the Defendants by regular mail in February, 2006. None of those notices has resulted in any contact by the Defendants nor by counsel. The failure to respond has resulted in the Plaintiff causing personal service of the Complaint, Summons and Notice of Default upon the Defendants on April 28, 2006. No response to that personal service has been received by the Plaintiff nor by the Court.

23. On May 12, 2006 another Notice was served by mail upon the Defendants explaining that failure to respond by May 19th would result in the entry of a judgment by default. There has been no response to that Notice.

24. The Plaintiff's physical condition is becoming critical. He is unable to work and is under the care of physicians who are addressing his medical condition however, his condition is becoming precarious and his ability to participate in discovery and provide information needed to continue on with this case is becoming less and less secure. Plaintiff's counsel detects a possible depression which has greatly affected the Plaintiff's ability to cooperate and assist. Further delay will only serve to enhance this prejudice to the Plaintiff.

4

25. It does not appear the Defendants have a litigable defense in that the Plaintiff was a prisoner incarcerated in the Defendant's institution while he was undergoing chemotherapy for Hepatitis C. The Plaintiff's physician caused the chemotherapy regimen to be delivered to the Prison but the Defendants denied the Plaintiff access to the chemotherapy thereby causing him to become critically ill. There does not appear to be a defense to the claim.

26. The Defendant's delay in responding is not explainable. Five separate notices were went to the Defendants in February notifying them of suit. Those notices were served by regular mail three times and were never returned. A presumption arises that the Notices were received and intentionally ignored.

27. Thereafter, personal service was accomplished on April 28th 2006 and that personal notice has once again been ignored.

28. By separate letter dated May 12, 2006 another notice that unless a response was filed by the 19th of May, the Plaintiff would seek a judgment by default.

29. The Plaintiff has done all that is reasonably possible to cause the Defendants to respond and has provided more than required notices to the Defendants seeking a response.

30. A copy of this Motion will be hand delivered to the Defendants at the "Gander Hill Prison" on July 24, 2006

31. The "cavalier" attitude exhibited by the Defendants together with the prejudice resulting from further delay and the fact there is no defense to the claim, virtually compels the Court to enter a Judgment by Default upon request. The Plaintiff suggests the attitude expressed by the complete failure to respond to notices and service is an example of the reason for the injury to the Plaintiff whose physician was "ignored" when she had chemotherapy drugs delivered to the Prison to be administered as directed. The Wilmington News Paper has published articles which list a series of similar incidents wherein the Defendants have ignored the medical condition of prisoners to the extent that multiple deaths have occurred.

This pattern is being repeated in the contemptuous and egregious actions or lack of concern expressed by the Defendants.

5

WHEREFORE, the Plaintiff respectfully prays the Court enter a Judgment by Default against the Defendants with Prejudice.

Respectfully submitted,

Frank J. Marcone, Esquire
Attorney for the Plaintiff
Michael Salizzoni

July 24, 2006

6

*Frank J. Marcone, Esq.*　　　　　　　　　　　　　*Atty ID # 8967*
*2530 N. Providence Rd*　　　　　　　　　　　　　*Telephone 484 442 8305*
*Upper Providence, PA. 19063*　　　　　　　　　　*Fax 484 442 8306*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SALIZZONI | : CIVIL ACTION NO. 05-6772 |
| Plaintiff | : |
| | : |
| vs. | : |
| | : |
| GANDER HILL PRISON: JOHN/JANE DOE | : JUL 2 4 2006 |
| M.D. MEDICAL DIRECTOR, STATE OF | : |
| DELAWARE CORRECTIONAL SYSTEM | : MICHAELE. KUNZ, Clerk |
| PRISON HEALTH SERVICES, INC., WARDEN | : By _____ Dep. Clerk |
| GANDER HILL PRISON, COMMISSIONER, | : |
| DEPARTMENT OF CORRECTIONS, STATE OF | : |
| DELAWARE, | : jury trial demanded |
| Defendants | : |

FILED

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR JUDGMENT BY DEFAULT FOR FAILURE TO ANSWER

### FACTS:

The Plaintiff has shown suit began on December 25, 2005 and service of notice of suit was sent to the Defendants at their place of business on February 6th, February 7th, February 9th and February 15th, 2006. None of those notices which were sent by regular mail were returned to Plaintiff's counsel nor was there any response to the notices.

Thereafter, on April 28th, 2006, personal service was accomplished and on May 12, 2006, an additional letter Notice was forwarded to the Defendants but even this has been ignored. That letter explained that unless the Defendants took steps to defend their position, judgment by default would be entered against them.

**ISSUE:  WHETHER THE DEFENDANTS' FAILURE TO RESPOND ENTITLES THE
PLAINTIFF TO JUDGMENT BY DEFAULT.**

**DISCUSSION:**

*Federal Rules of Civil Procedure, Rule 55(b)(2)* provide for a Plaintiff to procure a
judgment by default if it appears the Defendants, having been properly served with notice of suit,
ignore that notice and do not file a responsive pleading nor acknowledge notice of suit.

The Third Circuit has set the parameters in which a judgment by default may be entered
and the Plaintiff suggests all the parameters have been met in this case, requiring the entry of the
judgment.

In *Chamberlain v. Giampapa, 210 F.3d 154, 164 (3rd Cir. 2000)* the court applied a three
factor default rule which must be met by the Plaintiff before a judgment by default may be entered
or conversely before a default judgment may be opened.

Those factors are:

  1.) Is the Plaintiff able to show prejudice as a result of delay in proceeding?

  2.) Whether the defendant appears to have a litigable defense?

  3.) Whether the defendant's delay is due to culpable conduct?

The Plaintiff asserts all three factors are present in the instant case and that the law
provides judgment by default must be granted upon proper application.

Suit began in this case in late December, 2005 with five separate mailings provided to the
Defendants in February, 2006 informing them of the Plaintiff's claim.  Each of those mailings
sought the cooperation of the Defendants requesting a voluntary response thereby eliminating the
need to have personal service of the Summons and Complaint.  Each of those notices also notified
the Defendants that if they chose to ignore the notices thereby requiring personal service, they
would be responsible for the expenses and costs involved in personal service.

Each of the Defendants ignored those five notices.

8

Thereupon, the Plaintiff had a process server authorized by the Clerk and on April 28, 2006, personal service was accomplished by handing a copy of both the Summons and Complaint for each of the Defendants to a person claiming to be authorized to accept service of lawsuits.

That personal service explained a response must be filed on or before twenty days passed and spelled out that unless a response was filed, the Plaintiff would be seeking a judgment by default on or after May 19th, 2006. A separate Notice was sent to the Defendants on May 12, 2006, reminding them of the deadline and that Default Judgment would be requested.

The Plaintiff suggests this evidences more than "culpable conduct" as is described in the case law.

Further, the claim by the Plaintiff is that while he was incarcerated at the "Gander Hill" Prison on a mistaken belief that he had not paid child support in New Jersey, ( He had made an improper driving turn and when he was stopped by the Police a computer search showed he had an outstanding warrant from New Jersey resulting from a notice to appear sent to the wrong address.)

Prior to his unexpected incarceration, the Plaintiff had been undergoing an intense regimen of chemotherapy by the Veterans' Administration for Hepatitis C. That disease is curable by use of chemotherapy but once chemotherapy begins, it must be completed for any delayed break results in the body developing an immunity to the treatment, thereby preventing an effective subsequent therapy. The doctor treating the Plaintiff was informed of his imprisonment and she caused the required drugs to be delivered to the Prison with instructions to the Medical personnel on the administration of the therapy. That instruction was simply ignored and the Prison staff "could not be bothered" with the treatment. They ignored the instructions just as they are ignoring the notices of suit.

The Plaintiff believes there is no defense to the failure to provide him with the chemotherapy.

Lastly, the Plaintiff is now suffering from the symptoms of his disease and since the only hope he had to save his life was denied him by the Defendants, he suggests further delay will result in prejudice for he is losing his ability to act in his own behalf on a daily basis. His ability to

9

assist counsel in the presentation of evidence and to properly present his case is in severe jeopardy. His condition has deteriorated to the point he is not able to work and he is seeking continuous medical attention.

Further delay will be prejudicial to his suit.

In two recent 2003 decisions in the Third Circuit, the issues above were examined in the context of whether a judgment by default should be granted and then, once granted, should the judgment be opened.

In *Hill v. Williamsport Police Dept., 69 Fed. Appx.49 (C.A.3 (Pa))*, the court examined a scenario where Hill had sought a default judgment against the police based upon their failure to file an answer to his 1983 complaint. The Third Circuit affirmed the denial of his relief on the basis that Hill did not even assert he was being prejudiced by the delay. Further the court noted that Hill was unable to provide any evidence that the police had acted willfully or recklessly in failing to respond to his complaint. Following the precedent in Chamberlain (supra), the court concluded Hill had not even asserted "prejudice" nor had he been able to show "culpable" acts by the defendant police which supported granting his motion for judgment.

The court looked at the accepted definition of "culpable" conduct and stated "culpable conduct 'is conduct that is taken willfully or in bad faith'" (citing Chamberlain (supra).

Before the court examined the case, the police had filed their answer and had asserted the failure to do so was a result of an "administrative" error. From reading the Opinion, it appears the police had entered an appearance but had not filed an Answer.

In this case the Defendants have ignored five separate mailed notices of suit, a personal service of the notice and a subsequent Notice on May 12th reminding them that unless they respond by the 19th of May, they will be in default. It is now the 25th day of May and no response whatsoever has been received to the seven separate notices of suit.

The Plaintiff suggests this is conduct that is willful or in bad faith.

The Plaintiff also avers this is a pattern of ignoring the responsibilities imposed upon

10

jailers and may evidence an "arrogant" disregard for the courts due to a misplaced belief that the institution is above the law. This simply may not be tolerated and if necessary, the Plaintiff will be able to produce copies of news articles in the Delaware papers evidencing this ignoring of what is the responsibility of the institution and its administrators and medical stain ff is a pattern which has even resulted in legislative hearings to inquire why.

The more recent decision by the Third Circuit is the case of *Kelly v. Luzerne Intermediate Unit, 71 Fed. Appx. 116 (C.A. 3(Pa))* wherein the issue was not should a default have been granted but conversely, should one which was granted be opened.

The test however is identical. In *Kelly* (supra), a default had been granted against a teacher who had been allegedly to have sexually harassed one of his students. *(Kelly).* The district court had denied the motion and the Third Circuit reviewed to determine if the district court had abused its' discretion.

The facts in that case almost mirror this one. The Kelly's lawyer had mailed a summons and complaint on May 8, 2000. (In Salazzoni, five mailings preceded personal service. giving the instant case even stronger reasons to grant default judgment.) The defendant, Jerrytone, did not accept informal service and on August 8, 2000 Kelly served Jerrytone formally. On October 26, 2000, counsel for Kelly sent a letter to Jerrytone's residence informing him of counsel's intention to enter a default judgment. Thereafter, on November 10, 2000 Kelly's lawyer sent a copy of the motion for entry of judgment.

On December 5, 2000, the clerk entered a default against Jerrytone.

In this case, on May 12, 2006, the Plaintiff mailed a Notice that unless a response was filed by May 19th, a default would be sought. A copy of this Motion and Memorandum will be hand delivered to the office of the Defendant by Plaintiff's counsel onJuly 24, 2006

Judge Rosenn, writing for the Court said while the courts generally disfavor default judgments if the record reveals lifting the default would prejudice the plaintiff; whether the defendant has a prima facie meritorious defense; whether the defaulting defendant's conduct is excusable or culpable and whether alternative sanctions would be effective.

11

In that case, the judgment was not opened.

It is respectfully suggested that as in *Kelly* (supra) the defendants were culpable for their failure to respond. In this case, that culpability and the prejudice to the Plaintiff compels the entry of the judgment requested.

Respectfully submitted,

Frank J. Marcone, Esquire
Attorney for the Plaintiff,
Michael Salizzoni

July 24, 2006

| Frank J. Marcone, Esq. | 610 595 1441 |
|---|---|
| 2530 North Providence Road | fax    610 505 1448 |
| Upper Providence, Pennsylvania 19063 | Atty ID#        08967 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | NO. 05-CV-6772 |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D.MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GAMDER HILL PRISON. COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONSK, STATE OF | : | |
| DELAWARE | : | |
| Defendants | : | Jury Trial Demanded |

## NOTICE OF LAWSUIT AND
## REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:    Gander Hill Prison (MPCJF)
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19801

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Eastern District of Pennsylvania and has been docketed number 05cv6772.

This in not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The costs will be avoided it I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

13

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you have been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (90 days from the date if your address is not in any judicial district of the United States.)
Page 2

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the next page (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of plaintiff, this 24th day of April, 2006.

Date: February 6, 2006

_____

Frank J. Marcone, Esquire
2530 North Providence Road
Upper Providence, PA 19063
610-595-1441
610-595-1448 (fax)
Attorney for Plaintiff,
Michael Salizzoni

# EXHIBIT A

14

*Frank J. Marcone, Esquire*
*Attorney at Law*

*(610) 595 1441*                                              *Fax (610) 595 1448*

*2530 North Providence Road, Upper Providence, Pennsylvania 19063*
*federal practice only*

February 6, 2006

Gander Hill Prison (MPCJF)
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19801

**Re:   Michael Salizzoni vs. Gander Hill Prison, John/Jane Doe M.D. Medical
Director, State of Delaware Correctional System Prison Health Services, Inc.,
Warden Gander Hill Prison, Commissioner, Department of Corrections, State
of Delaware
United States District Court for the Eastern District of Pennsylvania
No. 05-cv-6772**

Dear Sir or Madam:

Please be advised a civil action has been brought against you in the United States
District Court for the Eastern District of Pennsylvania, being Joan Randazzo and David
Hatchigian vs. Hartford Insurance Company, a/k/a AARP Insurance Company. The
number assigned to the case is 06-cv-1589.

I am enclosing the following pursuant to the Rules of Civil Procedure:

1)   Complaint;
2)   Notice of Lawsuit and Request for Waiver of Service of Summons;
3)   Two (2) copies of the Waiver;
4)   Duty to Avoid Unnecessary Costs of Service of Summons;
5)   Notice of Right to Consent to Exercise of Jurisdiction by a United
     States Magistrate Judge;
6)   Self Addressed Stamped Envelope.

Please note the information contained in the Notice of Lawsuit and Request for
Waiver of Service of Summons and the Waiver of Summons regarding the time in which
an answer must be filed.

15

Gander Hill Prison (MPCJF)
RE: Michael Salizzoni vs. Gander Hill Prison, et al.
February 6, 2006
Page -2-

---

I trust you will comply with these requirements and I strongly suggest that the enclosed are immediately forwarded to your solicitor and to the insurance carrier for response.

Very truly yours,


Frank J. Marcone

FJM:sm
enclosures
cc:    Michael Salizzoni  w/enclosure


# EXHIBIT B

16

*Frank J. Marcone, Esquire*

*Attorney at Law*

(610)595-1444                                                    *Fax*(610)595-1448

*2530 North Providence Road, Upper Providence, Pennsylvania 19063*

*federal practice only*

February 9, 2006

Warden
Gander Hill Prison (MPCJF)
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19801

**Re:    Michael Salizzoni vs. Gander Hill Prison, John/Jane Doe M.D. Medical
         Director, State of Delaware Correctional System Prison Health Services, Inc.,
         Warden Gander Hill Prison, Commissioner, Department of Corrections, State
         of Delaware
         United States District Court for the Eastern District of Pennsylvania
         No: 05-cv-6772**

Dear Sir or Madam:

Please be advised a civil action has been brought against you in the United States
District Court for the Eastern District of Pennsylvania, being Michael Salizzoni vs.
Gander Hill Prison, John/Jane Doe M.D. Medical Director, State of Delaware
Correctional System Prison Health Services, Inc., Warden Gander Hill Prison,
Commissioner, Department of Corrections, State of Delaware.   The number assigned to
the case is 05-cv-6772.

I am enclosing the following pursuant to the Rules of Civil Procedure:

     1)    Complaint;
     2)    Notice of Lawsuit and Request for Waiver of Service of Summons;
     3)    Two (2) copies of the Waiver;
     4)    Duty to Avoid Unnecessary Costs of Service of Summons;
     5)    Notice of Right to Consent to Exercise of Jurisdiction by a United
           States Magistrate Judge.

Please note the information contained in the Notice of Lawsuit and Request for
Waiver of Service of Summons and the Waiver of Summons regarding the time in which
an answer must be filed.

Warden
Gander Hill Prison (MPCJF)
RE: Michael Salizzoni vs. Gander Hill Prison, et al.
February 9, 2006
Page -2-

_____

I trust you will comply with these requirements and I strongly suggest that the enclosed are immediately forwarded to your solicitor and to the insurance carrier for response.

Very truly yours,

Frank J. Marcone

FJM:sm
enclosures
cc:    Michael Salizzoni, w/enclosure

| Frank J. Marcone, Esquire | 610 595 1441 |
|---|---|
| 2530 North Providence Road | fax 610 595 1448 |
| Upper Providence, Pennsylvania 19063 | Atty ID# 08967 |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | NO. 05-cv-6772 |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D. MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GANDER HILL PRISON, COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONS, STATE OF | : | |
| DELAWARE | : | |
| Defendants | : | Jury Trial Demanded |

### NOTICE OF LAWSUIT AND
### REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:   Warden Gander Hill Prison
Gander Hill Prison (MPCJF), Howard R. Young Correctional Institution
P.O. Box 9279
Wilmington, DE 19809

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Eastern District of Pennsylvania and has been docketed number 05cv6772.

This in not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The costs will be avoided it I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you have been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (90 days from the date if your address is not in any judicial district of the United States.)

Page -2-


If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the next page (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of plaintiff, this 9th day of February, 2006.

Date: February 9, 2006

Frank J. Marcone, Esquire
2530 North Providence Road
Upper Providence, PA 19063
610-595-1441
610-595-1448 (fax)
Attorney for Plaintiff,
Michael Salizzoni

| Frank J. Marcone, Esquire | 610 595 1441 |
|---|---|
| 2530 North Providence Road | fax    610 595 1448 |
| Upper Providence, Pennsylvania 19063 | Atty ID#    08967 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | NO. 05-cv-6772 |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D. MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GANDER HILL PRISON, COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONS, STATE OF | : | |
| DELAWARE | : | |
| Defendants | : | Jury Trial Demanded |

## **WAIVER OF SERVICE OF SUMMONS**

TO:    Warden, Gander Hill Prison
Gander Hill Prison (MPCJF)
Howard R. Young Correctional Institution
P.O. Box 9279
Wilmington, DE 19809

I acknowledge receipt of your request that I waive service of a summons in the action of Michael Salizzoni vs. Gander Hill Prison, et al., being number 05-cv-6772 in the United States District Court for the Eastern District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the costs of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses and objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

Page -2-

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after (date request was sent) or within 90 days after that date if the request was sent outside the United States.

Date:_____

_____
Signature

_____
Printed/Typed Name

_____
Of

_____
As

# EXHIBIT C

17

*Frank J. Marcone, Esquire*
*Attorney at Law*

(610)595 1441                                                        *Fax*(610)595 1448

*2530 North Providence Road, Upper Providence, Pennsylvania 19063*
*federal practice only*

February 15, 2006

Commissioner
c/o Gander Hill Prison (MPCJF)
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19801

**Re:**  **Michael Salizzoni vs. Gander Hill Prison, John/Jane Doe M.D. Medical
Director, State of Delaware Correctional System Prison Health Services, Inc.,
Warden Gander Hill Prison, Commissioner, Department of Corrections, State
of Delaware
United States District Court for the Eastern District of Pennsylvania
No: 05-cv-6772**

Dear Sir or Madam:

Please be advised a civil action has been brought against you in the United States
District Court for the Eastern District of Pennsylvania, being Michael Salizzoni vs.
Gander Hill Prison, John/Jane Doe M.D. Medical Director, State of Delaware
Correctional System Prison Health Services, Inc., Warden Gander Hill Prison,
Commissioner, Department of Corrections, State of Delaware.   The number assigned to
the case is 05-cv-6772.

I am enclosing the following pursuant to the Rules of Civil Procedure:

        1)        Complaint;
        2)        Notice of Lawsuit and Request for Waiver of Service of Summons;
        3)        Two (2) copies of the Waiver;
        4)        Duty to Avoid Unnecessary Costs of Service of Summons;
        5)        Notice of Right to Consent to Exercise of Jurisdiction by a United
                  States Magistrate Judge.

Please note the information contained in the Notice of Lawsuit and Request for
Waiver of Service of Summons and the Waiver of Summons regarding the time in which
an answer must be filed.

Commissioner
c/o Gander Hill Prison (MPCJF)
RE: Michael Salizzoni vs. Gander Hill Prison, et al.
February 15, 2006
Page -2-

_____      _____

    I trust you will comply with these requirements and I strongly suggest that the enclosed are immediately forwarded to your solicitor and to the insurance carrier for response.

    Very truly yours,

Frank J. Marcone

FJM:sm
enclosures
cc:    Michael Salizzoni, w/enclosure

Frank J. Marcone, Esquire          610 595 1441
2530 North Providence Road       fax     610 595 1448
Upper Providence, Pennsylvania 19063      Atty ID#     08967

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | NO. 05-cv-6772 |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D. MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GANDER HILL PRISON, COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONS, STATE OF | : | |
| DELAWARE | : | |
| Defendants | : | Jury Trial Demanded |

## NOTICE OF LAWSUIT AND
## REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:    Department of Corrections
        c/o Gander Hill Prison (MPCJF), Howard R. Young Correctional Institution
        1301 East 12th Street
        Wilmington, DE 19801

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Eastern District of Pennsylvania and has been docketed number 05cv6772.

This in not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The costs will be avoided it I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you have been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (90 days from the date if your address is not in any judicial district of the United States.)

Page -2-

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the next page (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of plaintiff, this 15th day of February, 2006.

Date: February 15, 2006

Frank J. Marcone, Esquire
2530 North Providence Road
Upper Providence, PA 19063
610-595-1441
610-595-1448 (fax)
Attorney for Plaintiff,
Michael Salizzoni

Frank J. Marcone, Esquire  
2530 North Providence Road  
Upper Providence, Pennsylvania 19063

610 595 1441  
fax    610 595 1448  
Atty ID#    08967

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | NO. 05-cv-6772 |
|             Plaintiff | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D. MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GANDER HILL PRISON, COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONS, STATE OF | : | |
| DELAWARE | : | |
|             Defendants | : | Jury Trial Demanded |

## WAIVER OF SERVICE OF SUMMONS

TO:   Commissioner  
        c/o Gander Hill Prison (MPCJF)  
        Howard R. Young Correctional Institution  
        1301 East 12th Street  
        Wilmington, DE 19801

I acknowledge receipt of your request that I waive service of a summons in the action of Michael Salizzoni vs. Gander Hill Prison, et al., being number 05-cv-6772 in the United States District Court for the Eastern District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the costs of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses and objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

Page -2-

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after (date request was sent) or within 90 days after that date if the request was sent outside the United States.

Date:_____

_____
Signature

_____
Printed/Typed Name

_____
Of

_____
As

# EXHIBIT D

18

*Frank J. Marcone, Esquire*

*Attorney at Law*
*2530 North Providence Road, Upper Providence, Pennsylvania 19063*
*(610) 595 1441*                                                                 *Fax (610) 595 1448*

*federal practice only*

May 12, 2006

Gander Hill Prison
State of Delaware Correctional System
Prison Health Services, Inc.
Warden, Gander Hill Prison
Commissioner, Department of Corrections
State of Delaware
(Howard R. Young Correctional Inst.)
1301 East 12th Street
P.O. Box 9279
Wilmington, Delaware, 19809

Gentlemen·

Service of a Complaint and Notice that unless a response is received by the Court
on or before the 19th of May, a Judgment by default will be entered against you has been
served upon your office on April 28, 2006.

The Complaint which has been served upon your office is captioned as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | CIVIL ACTION NO. 05-6772 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D. MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GANDER HILL PRISON, COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONS, STATE OF | : | |
| DELAWARE, | : | jury trial demanded |
| Defendants | : | |

17

Defendants
May 12, 2006
page 2

Please attend to this as Notified.

Very truly yours,


Frank J. Marcone
FJM/sm
cc: Hon. Anita B. Brody
    Michael Salizzoni


# EXHIBIT E

Frank J. Marcone, Esq.                          *Atty ID # 8967*
2530 N. Providence Rd                           *Telephone 484 442 8305*
Upper Providence, PA. 19063                     *Fax 484 442 8306*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | CIVIL ACTION NO. 05-6772 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D. MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GANDER HILL PRISON, COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONS, STATE OF | : | |
| DELAWARE, | : | jury trial demanded |
| Defendants | : | |

## PLAINTIFF'S MOTION FOR JUDGMENT
## BY DEFAULT FOR FAILURE TO ANSWER

**TO THE HONORABLE, ANITA B. BRODY**, Judge of the United States District Court for the
Eastern District of Pennsylvania:

Michael Salizzoni, by his attorney, Frank J. Marcone, Esquire, files this Motion
requesting the Court enter Judgment by Default pursuant to the Federal Rules of Civil Procedure,
Rule and in support of the said Motion avers the following:

1. Michael Salizzoni is an individual who has filed this 42 U.S.C. Section 1983 action
averring that he was incarcerated in the "Gander Hill Prison" as a result of an improper
accusation that he had not been paying his child support in the State of New Jersey. Before he
was improperly incarcerated, he was suffering from Hepatitis C which is a potentially fatal
disease.

1

2.  Prior to his incarceration, he was involved in a regimen of chemotherapy which is a cure for the condition.  That regimen requires once the chemotherapy begins the continuation of the regimen is absolutely necessary and any interruption in the regimen renders further treatment useless.

3. During his incarceration, the physician treating the Plaintiff, Michael Salizzoni had the chemotherapy drugs delivered to the Prison with instructions that the treatment must continue while he was incarcerated.  The Prison refused to comply with the instructions of the physician and his physician's instructions were ignored resulting in a cessation of the chemotherapy.

4.  After his release, the Plaintiff sought treatment and learned the interruption in his regimen of treatment had probably rendered the disease terminal.

5.  Suit was started on December 25, 2005 when the Plaintiff filed a Complaint averring an injury as described above.

6.  On February 6, 2006, the Plaintiff's attorney sent Notice of Suit to Gander Hill Prison, (MPCJF) Howard R. Young, Correctional Institution at P.O. Box 9279, Wilmington, Delaware, 19809.   A copy of that Notice is attached hereto and is marked "Exhibit A".  The actual notice constituted seven pages.  The notice was sent by United States Mail, postage prepaid, first class.

That Notice enclosed a copy of the following:

1) Complaint
2) Notice of Lawsuit and Request for Waiver of Service of Summons
3) Two copies of the Waiver
4) Duty to Avoid Unnecessary Costs of Service or Summons
5) Notice of Right to Consent to Exercise of Jurisdiction by a United
    States Magistrate Judge.

7.  A second Notice was sent on February 6, 2006 which was a repetitive act however it did constitute a second notice.  A copy of the letter of transmittal is enclosed and is marked "Exhibit B".

2

8. There was no response to either letter dated February 6 and February 7, 2006 nor were the letters and enclosures returned to Plaintiff's counsel.  A third notice was sent on February 9th, 2006 and a copy of that Notice is attached hereto and is marked "Exhibit C".

9.  Having received no response, Plaintiff's counsel instructed his paralegal to send a fourth notice which is identical to the first two but which is dated February 15, 2006. A copy of that Notice is attached hereto, made a part hereof and is marked "Exhibit D" Those notices were sent by regular mail, postage prepaid and were never returned to Plaintiff's counsel.

10. On April 20th, 2006, Marie O'Donnell, Civil Deputy/Secretary to the Hon. Anita B. Brody, sent a letter to Plaintiff's counsel informing him that the record revealed service had not been accomplished and it must be made on or before April 28th, 2006.

11. Plaintiff's counsel immediately investigated and learned the Defendants had never responded to the five notices referred to above.

12. Plaintiff's counsel contacted the Office of the Clerk and procured copies of Summon's which for reasons unknown had never been placed in the client's file.  Since suit began on Christmas day, it is possible the Summons' were misplaced or lost in the mail.

13. On April 24, 2006, counsel for the Plaintiff prepared and filed a Praecipe for alias summons which was entered on the record on April 25, 2006.

14. On April 25, 2006, Plaintiff's counsel prepared a Motion seeking the Appointment of a Process Server pursuant to Local Rule 4.1.  That Motion was accompanied by an Order which was signed by the Clerk appointing Robert Frick as the authorized Process Server.

15. On April 28, 2006, the Clerk o f the Court issued Four (4) Alias Summons directed to the Defendants herein and the same were procured by Mr. Frick for immediate Service.

16. On April 28, 2006,  Plaintiff's counsel filed a Motion seeking an extension of time in which to serve the Summons and Complaint.

17.  On April 28, 2006, the Plaintiff's Authorized Process Server effected service by

personally delivering copies of the Alias Summons and Complaint together with a notice to respond on or before May 18, 2006.

18. On May 12, 2006, the Plaintiff filed a Return executed by Robert Frick attesting he served the Summons and Complaint upon Gander Hill Prison on April 28, 2006.

19. On May 12, 2006, Plaintiff's counsel sent a letter to the Defendants with a copy to the Plaintiff and the Court.  That letter contains the following statement:

> "Service of a Complaint and Notice that unless a response is received by the Court on or before the 19th day of May, a Judgment by default will be entered against you has been served upon your office on April 28, 2006....Please attend to this as notified".
> A copy of that letter is attached hereto and is marked "Exhibit E".

20. That letter contained a full caption of the case but the Defendants have failed to respond to the letter and notice.

22. By count, the Plaintiff has served five separate letters containing notice of suit upon the Defendants by regular mail in February, 2006.  None of those notices has resulted in any contact by the Defendants nor by counsel.  The failure to respond has resulted in the Plaintiff causing personal service of the Complaint, Summons and Notice of Default upon the Defendants on April 28, 2006.  No response to that personal service has been received by the Plaintiff nor by the Court.

23. On May 12, 2006 another Notice was served by mail upon the Defendants explaining that failure to respond by May 19th would result in the entry of a judgment by default.  There has been no response to that Notice.

24. The Plaintiff's physical condition is becoming critical.  He is unable to work and is under the care of physicians who are addressing his medical condition however, his condition is becoming precarious and his ability to participate in discovery and provide information needed to continue on with this case is becoming less and less secure.   Plaintiff's counsel detects a possible depression which has greatly affected the Plaintiff's ability to cooperate and assist.  Further delay

4

will only serve to enhance this prejudice to the Plaintiff.

25. It does not appear the Defendants have a litigable defense in that the Plaintiff was a prisoner incarcerated in the Defendant's institution while he was undergoing chemotherapy for Hepatitis C. The Plaintiff's physician caused the chemotherapy regimen to be delivered to the Prison but the Defendants denied the Plaintiff access to the chemotherapy thereby causing him to become critically ill. There does not appear to be a defense to the claim.

26. The Defendant's delay in responding is not explainable. Five separate notices were went to the Defendants in February notifying them of suit. Those notices were served by regular mail three times and were never returned. A presumption arises that the Notices were received and intentionally ignored.

27. Thereafter, personal service was accomplished on April 28th 2006 and that personal notice has once again been ignored.

28. By separate letter dated May 12, 2006 another notice that unless a response was filed by the 19th of May, the Plaintiff would seek a judgment by default.

29. The Plaintiff has done all that is reasonably possible to cause the Defendants to respond and has provided more than required notices to the Defendants seeking a response.

30. A copy of this Motion will be hand delivered to the Defendants at the "Gander Hill Prison" on July 24, 2006

31. The "cavalier" attitude exhibited by the Defendants together with the prejudice resulting from further delay and the fact there is no defense to the claim, virtually compels the Court to enter a Judgment by Default upon request. The Plaintiff suggests the attitude expressed by the complete failure to respond to notices and service is an example of the reason for the injury to the Plaintiff whose physician was "ignored" when she had chemotherapy drugs delivered to the Prison to be administered as directed. The Wilmington News Paper has published articles which list a series of similar incidents wherein the Defendants have ignored the medical condition of prisoners to the extent that multiple deaths have occurred.

This pattern is being repeated in the contemptuous and egregious actions or lack of concern expressed by the Defendants.

WHEREFORE, the Plaintiff respectfully prays the Court enter a Judgment by Default against the Defendants with Prejudice.

Respectfully submitted,


_____
Frank J. Marcone, Esquire
Attorney for the Plaintiff
Michael Salizzoni

July 24, 2006

Frank J. Marcone, Esq.                                  Atty ID # 8967
2530 N. Providence Rd                                   Telephone 484 442 8305
Upper Providence, PA. 19063                             Fax 484 442 8306

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SALIZZONI                      :     CIVIL ACTION NO. 05-6772
      Plaintiff                    :
                                       :
vs.                                    :
                                       :
GANDER HILL PRISON: JOHN/JANE DOE      :
M.D. MEDICAL DIRECTOR, STATE OF        :
DELAWARE CORRECTIONAL SYSTEM           :
PRISON HEALTH SERVICES, INC., WARDEN   :
GANDER HILL PRISON, COMMISSIONER,      :
DEPARTMENT OF CORRECTIONS, STATE OF    :
DELAWARE,                              :     jury trial demanded
      Defendants                   :

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR JUDGMENT BY DEFAULT FOR FAILURE TO ANSWER

## FACTS:

The Plaintiff has shown suit began on December 25, 2005 and service of notice of suit was sent to the Defendants at their place of business on February 6th, February 7th, February 9th and February 15th, 2006. None of those notices which were sent by regular mail were returned to Plaintiff's counsel nor was there any response to the notices.

Thereafter, on April 28th, 2006, personal service was accomplished and on May 12, 2006, an additional letter Notice was forwarded to the Defendants but even this has been ignored. That letter explained that unless the Defendants took steps to defend their position, judgment by default would be entered against them.

7

**ISSUE: WHETHER THE DEFENDANTS' FAILURE TO RESPOND ENTITLES THE PLAINTIFF TO JUDGMENT BY DEFAULT.**

**DISCUSSION:**

*Federal Rules of Civil Procedure, Rule 55(b)(2)* provide for a Plaintiff to procure a judgment by default if it appears the Defendants, having been properly served with notice of suit, ignore that notice and do not file a responsive pleading nor acknowledge notice of suit.

The Third Circuit has set the parameters in which a judgment by default may be entered and the Plaintiff suggests all the parameters have been met in this case, requiring the entry of the judgment.

In **Chamberlain v. Giampapa,** *210 F.3d 154, 164 (3rd Cir. 2000)* the court applied a three factor default rule which must be met by the Plaintiff before a judgment by default may be entered or conversely before a default judgment may be opened.

Those factors are:

1.) Is the Plaintiff able to show prejudice as a result of delay in proceeding?
2.) Whether the defendant appears to have a litigable defense?
3.) Whether the defendant's delay is due to culpable conduct?

The Plaintiff asserts all three factors are present in the instant case and that the law provides judgment by default must be granted upon proper application.

Suit began in this case in late December, 2005 with five separate mailings provided to the Defendants in February, 2006 informing them of the Plaintiff's claim. Each of those mailings sought the cooperation of the Defendants requesting a voluntary response thereby eliminating the need to have personal service of the Summons and Complaint. Each of those notices also notified the Defendants that if they chose to ignore the notices thereby requiring personal service, they would be responsible for the expenses and costs involved in personal service.

Each of the Defendants ignored those five notices.

Thereupon, the Plaintiff had a process server authorized by the Clerk and on April 28, 2006, personal service was accomplished by handing a copy of both the Summons and Complaint for each of the Defendants to a person claiming to be authorized to accept service of lawsuits.

That personal service explained a response must be filed on or before twenty days passed and spelled out that unless a response was filed, the Plaintiff would be seeking a judgment by default on or after May 19th, 2006.  A separate Notice was sent to the Defendants on May 12, 2006, reminding them of the deadline and that Default Judgment would be requested.

The Plaintiff suggests this evidences more than "culpable conduct" as is described in the case law.

Further, the claim by the Plaintiff is that while he was incarcerated at the "Gander Hill" Prison on a mistaken belief that he had not paid child support in New Jersey, ( He had made an improper driving turn and when he was stopped by the Police a computer search showed he had an outstanding warrant from New Jersey resulting from a notice to appear sent to the wrong address.)

Prior to his unexpected incarceration, the Plaintiff had been undergoing an intense regimen of chemotherapy by the Veterans' Administration for Hepatitis C.   That disease is curable by use of chemotherapy but once chemotherapy begins, it must be completed for any delayed break results in the body developing an immunity to the treatment, thereby preventing an effective subsequent therapy.   The doctor treating the Plaintiff was informed of his imprisonment and she caused the required drugs to be delivered to the Prison with instructions to the Medical personnel on the administration of the therapy.  That instruction was simply ignored and the Prison staff "could not be bothered" with the treatment.  They ignored the instructions just as they are ignoring the notices of suit.

The Plaintiff believes there is no defense to the failure to provide him with the chemotherapy.

Lastly, the Plaintiff is now suffering from the symptoms of his disease and since the only hope he had to save his life was denied him by the Defendants, he suggests further delay will

result in prejudice for he is losing his ability to act in his own behalf on a daily basis.  His ability to assist counsel in the presentation of evidence and to properly present his case is in severe jeopardy.  His condition has deteriorated to the point he is not able to work and he is seeking continuous medical attention.

Further delay will be prejudicial to his suit.

In two recent 2003 decisions in the Third Circuit, the issues above were examined in the context of whether a judgment by default should be granted and then, once granted, should the judgment be opened.

In **Hill v. Williamsport Police Dept.,** *69 Fed. Appx.49 (C.A.3 (Pa))*, the court examined a scenario where Hill had sought a default judgment against the police based upon their failure to file an answer to his 1983 complaint.  The Third Circuit affirmed the denial of his relief on the basis that Hill did not even assert he was being prejudiced by the delay.   Further the court noted that Hill was unable to provide any evidence that the police had acted willfully or recklessly in failing to respond to his complaint.  Following the precedent in Chamberlain (supra), the court concluded Hill had not even asserted "prejudice" nor had he been able to show "culpable" acts by the defendant police which supported granting his motion for judgment.

The court looked at the accepted definition of "culpable" conduct and stated "culpable conduct 'is conduct that is taken willfully or in bad faith'" (citing Chamberlain (supra).

Before the court examined the case, the police had filed their answer and had asserted the failure to do so was a result of an "administrative" error.  From reading the Opinion, it appears the police had entered an appearance but had not filed an Answer.

In this case the Defendants have ignored five separate mailed notices of suit, a personal service of the notice and a subsequent Notice on May 12th reminding them that unless they respond by the 19th of May, they will be in default.  It is now the 25th day of May and no response whatsoever has been received to the seven separate notices of suit.

The Plaintiff suggests this is conduct that is willful or in bad faith.

10

The Plaintiff also avers this is a pattern of ignoring the responsibilities imposed upon jailers and may evidence an "arrogant" disregard for the courts due to a misplaced belief that the institution is above the law.   This simply may not be tolerated and if necessary, the Plaintiff will be able to produce copies of news articles in the Delaware papers evidencing this ignoring of what is the responsibility of the institution and its administrators and medical stain ff is a pattern which has even resulted in legislative hearings to inquire why.

The more recent decision by the Third Circuit is the case of *Kelly v. Luzerne Intermediate Unit, 71 Fed. Appx. 116 (C.A. 3(Pa)* wherein the issue was not should a default have been granted but conversely, should one which was granted be opened.

The test however is identical.  In *Kelly* (supra), a default had been granted against a teacher who had been allegedly to have sexually harassed one of his students. *(Kelly).*   The district court had denied the motion and the Third Circuit reviewed to determine if the district court had abused its' discretion.

The facts in that case almost mirror this one.  The Kelly's lawyer had mailed a summons and complaint on May 8, 2000. (In Salazzoni, five mailings preceded personal service. giving the instant case even stronger reasons to grant default judgment.)  The defendant, Jerrytone, did not accept informal service and on August 8, 2000 Kelly served Jerrytone formally.   On October 26, 2000, counsel for Kelly sent a letter to Jerrytone's residence informing him of counsel's intention to enter a default judgment.  Thereafter, on November 10, 2000 Kelly's lawyer sent a copy of the motion for entry of judgment.

On December 5, 2000, the clerk entered a default against Jerrytone.

In this case, on May 12, 2006, the Plaintiff mailed a Notice that unless a response was filed by May 19th, a default would be sought.  A copy of this Motion and Memorandum will be hand delivered to the office of the Defendant by Plaintiff's counsel onJuly 24, 2006

Judge Rosenn, writing for the Court said while the courts generally disfavor default judgments if the record reveals lifting the default would prejudice the plaintiff; whether the defendant has a prima facie meritorious defense; whether the defaulting defendant's conduct is excusable or culpable and whether alternative sanctions would be effective.

11

In that case, the judgment was not opened.

It is respectfully suggested that as in **Kelly** (supra) the defendants were culpable for their failure to respond.  In this case, that culpability and the prejudice to the Plaintiff compels the entry of the judgment requested.

Respectfully submitted,

_____
Frank J. Marcone, Esquire
Attorney for the Plaintiff,
Michael Salizzoni

July 24, 2006

12

| Frank J. Marcone, Esq. | 610 595 1441 |
|---|---|
| 2530 North Providence Road | fax    610 505 1448 |
| Upper Providence, Pennsylvania 19063 | Atty ID#       08967 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | NO. 05-CV-6772 |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D.MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GAMDER HILL PRISON. COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONSK, STATE OF | : | |
| DELAWARE | : | |
| Defendants | : | Jury Trial Demanded |

**NOTICE OF LAWSUIT AND**
**REQUEST FOR WAIVER OF SERVICE OF SUMMONS**

TO:    Gander Hill Prison (MPCJF)
        Howard R. Young Correctional Institution
        1301 East 12th Street
        Wilmington, DE 19801

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Eastern District of Pennsylvania and has been docketed number 05cv6772.

This in not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The costs will be avoided it I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

13

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you have been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (90 days from the date if your address is not in any judicial district of the United States.)
Page 2

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service.  In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the next page (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of plaintiff, this 24th day of April, 2006.

Date: February 6, 2006

_____
Frank J. Marcone, Esquire
2530 North Providence Road
Upper Providence, PA 19063
610-595-1441
610-595-1448 (fax)
Attorney for Plaintiff,
Michael Salizzoni

# EXHIBIT A

*Frank J. Marcone, Esquire*

*Attorney at Law*

*(610) 595 1441*                                                              *Fax (610) 595 1448*

*2530 North Providence Road, Upper Providence, Pennsylvania 19063*

*federal practice only*

February 6, 2006

Gander Hill Prison (MPCJF)
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19801

**Re:    Michael Salizzoni vs. Gander Hill Prison, John/Jane Doe M.D. Medical Director, State of Delaware Correctional System Prison Health Services, Inc., Warden Gander Hill Prison, Commissioner, Department of Corrections, State of Delaware**
**United States District Court for the Eastern District of Pennsylvania**
**No. 05-cv-6772**

Dear Sir or Madam:

Please be advised a civil action has been brought against you in the United States District Court for the Eastern District of Pennsylvania, being Joan Randazzo and David Hatchigian vs. Hartford Insurance Company, a/k/a AARP Insurance Company.  The number assigned to the case is 06-cv-1589.

I am enclosing the following pursuant to the Rules of Civil Procedure:

1)    Complaint;
2)    Notice of Lawsuit and Request for Waiver of Service of Summons;
3)    Two (2) copies of the Waiver;
4)    Duty to Avoid Unnecessary Costs of Service of Summons;
5)    Notice of Right to Consent to Exercise of Jurisdiction by a United States Magistrate Judge;
6)    Self Addressed Stamped Envelope.

Please note the information contained in the Notice of Lawsuit and Request for

15

Waiver of Service of Summons and the Waiver of Summons regarding the time in which an answer must be filed.

Gander Hill Prison (MPCJF)
RE: Michael Salizzoni vs. Gander Hill Prison, et al.
February 6, 2006
Page -2-

_____

  I trust you will comply with these requirements and I strongly suggest that the enclosed are immediately forwarded to your solicitor and to the insurance carrier for response.

  Very truly yours,


  Frank J. Marcone

FJM:sm
enclosures
cc:  Michael Salizzoni w/enclosure


# EXHIBIT B

| Frank J. Marcone, Esq. | | 610 595 1441 |
| 2530 North Providence Road | fax | 610 505 1448 |
| Upper Providence, Pennsylvania 19063 | Atty ID# | 08967 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | NO. 05-CV-6772 |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D.MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GAMDER HILL PRISON. COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONSK, STATE OF | : | |
| DELAWARE | : | |
| Defendants | : | Jury Trial Demanded |

## NOTICE OF LAWSUIT AND
## REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:    Gander Hill Prison (MPCJF)
       Howard R. Young Correctional Institution
       1301 East 12th Street
       Wilmington, DE 19801


A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Eastern District of Pennsylvania and has been docketed number 05cv6772.

This in not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The costs will be avoided it I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court

and no summons will be served on you.  The action will then proceed as if you have been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (90 days from the date if your address is not in any judicial district of the United States.)
Page 2

 If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service.  In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the next page (or at the foot) of the waiver form.

 I affirm that this request is being sent to you on behalf of plaintiff, this 9TH day of February, 2006.


_____

Frank J. Marcone, Esquire                                               Date: February 9, 2006
2530 N. Providence Road
Upper Providence, PA 19063
610 595 1441
610 595 1448 (fax)
Attorney for the Plaintiff
Michael Salizzoni.


# EXHIBIT C

| Frank J. Marcone, Esq. | 610 595 1441 |
| 2530 North Providence Road | fax     610 505 1448 |
| Upper Providence, Pennsylvania 19063 | Atty ID#          08967 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | NO. 05-CV-6772 |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D.MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GAMDER HILL PRISON. COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONSK, STATE OF | : | |
| DELAWARE | : | |
| Defendants | : | Jury Trial Demanded |

---

## NOTICE OF LAWSUIT AND
## REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:    Gander Hill Prison (MPCJF)
       Howard R. Young Correctional Institution
       1301 East 12th Street
       Wilmington, DE 19801

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).  A copy of the complaint is attached to this notice.  It has been filed in the United States District Court for the Eastern District of Pennsylvania and has been docketed number 05cv6772.

This in not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The costs will be avoided it I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope (or other means of cost-free return) for your use.  An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court

19

and no summons will be served on you.  The action will then proceed as if you have been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (90 days from the date if your address is not in any judicial district of the United States.)

Page 2

       If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service.  In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the next page (or at the foot) of the waiver form.

       I affirm that this request is being sent to you on behalf of plaintiff, this 15TH day of February, 2006.

_____

Frank J. Marcone, Esquire                        Date: February 15, 2006
2530 N. Providence Road
Upper Providence, PA 19063
610 595 1441
610 595 1448 (fax)
Attorney for the Plaintiff
Michael Salizzoni.

# EXHIBIT D

## Frank J. Marcone, Esquire

### Attorney at Law

2530 North Providence Road, Upper Providence, Pennsylvania 19063

(610)595 1441                                                                    Fax(610)595 1448

*federal practice only*

May 12, 2006

Gander Hill Prison
State of Delaware Correctional System
Prison Health Services, Inc.
Warden, Gander Hill Prison
Commissioner, Department of Corrections
State of Delaware
(Howard R. Young Correctional Inst.)
1301 East 12th Street
P.O. Box 9279
Wilmington, Delaware, 19809

Gentlemen:

Service of a Complaint and Notice that unless a response is received by the Court on or before the 19th of May, a Judgment by default will be entered against you has been served upon your office on April 28, 2006.

The Complaint which has been served upon your office is captioned as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SALIZZONI                          :        CIVIL ACTION NO. 05-6772
              Plaintiff                               :
                                                            :
vs.                                                       :
                                                            :
GANDER HILL PRISON: JOHN/JANE DOE     :
M.D. MEDICAL DIRECTOR, STATE OF        :
DELAWARE CORRECTIONAL SYSTEM       :
PRISON HEALTH SERVICES, INC., WARDEN :
GANDER HILL PRISON, COMMISSIONER,    :
DEPARTMENT OF CORRECTIONS, STATE OF :

21

DELAWARE,                                    :        jury trial demanded
                        Defendants           :
_____

Defendants
May 12, 2006
page 2
_____

      Please attend to this as Notified.

      Very truly yours,


      Frank J. Marcone
FJM/sm
cc: Hon. Anita B. Brody
    Michael Salizzoni

# EXHIBIT E

## CERTIFICATION OF SERVICE

Frank J. Marcone, Esquire, attorney for the Plaintiff, Michael Salizzoni does hereby Certify that on July 24th, 2006, at approximately 3:45 P.M., he hand delivered a true and correct copy of the attached Motion for Default Judgment to the Gander Hill Prison, also known as the Howard R. Young, Correctional Institution located at 1301 E. 12th Street, Wilmington, Delaware 19801 and presented said copy to Cpl. B. Fote and Cpl. J. Edwards who summoned Lieut. P. Sheets.  Lieut Sheets was told the document was seeking a judgment since no one at the Correctional Institution had responded including the medical staff.  He hand carried the document into an office off the lobby and it appeared he was delivering the document to someone in control.


_____
Frank J. Marcone, Esquire
Attorney for Michael Salizzoni, Plaintiff.


**July 25, 2006**

**FILED**

0 6 - 6 5 9

JUL 2 7 2006

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

05-6772

## CERTIFICATION OF SERVICE

Frank J. Marcone, Esquire, attorney for the Plaintiff, Michael Salizzoni does hereby Certify that on July 24th, 2006, at approximately 3:45 P.M., he hand delivered a true and correct copy of the attached Motion for Default Judgment to the Gander Hill Prison, also known as the Howard R. Young, Correctional Institution located at 1301 E. 12th Street, Wilmington, Delaware 19801 and presented said copy to Cpl. B. Fote and Cpl. J. Edwards who summoned Lieut. P. Sheets. Lieut Sheets was told the document was seeking a judgment since no one at the Correctional Institution had responded including the medical staff. He hand carried the document into an office off the lobby and it appeared he was delivering the document to someone in control.

Frank J. Marcone, Esquire
Attorney for Michael Salizzoni, Plaintiff.

**July 25, 2006**

23

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | CIVIL ACTION NO. 05-6772 |
|     Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D. MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GANDER HILL PRISON, COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONS, STATE OF | : | |
| DELAWARE, | : | jury trial demanded |
|     Defendants | : | |

## ORDER

AND NOW, this      day of       ,2006, upon consideration of the
Motion seeking Judgment by Default, together with the record and attachments to said
Motion it is hereby ORDERED AND DECREED the prayer of said Motion is
GRANTED and Judgment by Default is entered against all the Defendants contained in
the Caption and Notice shall be sent to each Defendant notifying them of the entry of the
Judgment. Further, a hearing to assess damages is scheduled for the      day of
2006 for the purposes of taking testimony to determine the amount of said Judgments.

      By the Court:

      _____

      Anita B. Brody, Judge



COMMONWEALTH OF PENNSYLVANIA
**OFFICE OF ATTORNEY GENERAL**

TOM CORBETT,                         August 7, 2006
ATTORNEY GENERAL

Appeals & Legal Services Section
16th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 705-4487

Michael E. Kunz
**ATTENTION: ECF**
U.S. District Court
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

Re:    Michael Salizzoni v. Gander Hill Prison, et al.
No. 05-6772

Dear Mr. Kunz:

Enclosed please find for filing the original and one copy of the Motion and Order
for Admission Pro Hac Vice of Ophelia M. Waters, Esquire, Office of Attorney General,
State of Delaware, and Application Form in the above referenced matter.

Thank you for your attention to this matter. If you have any questions please do
not hesitate to contact my office.

Very truly yours,

*Amy Zapp /ch*

Amy Zapp
Chief Deputy Attorney General
Appeals and Legal Services Section

AZ/ch
Enclosures
Cc:    Ophelia M. Waters, Esquire (w/enclosures)
Frank J. Marcone, Esquire (w/enclosures)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SALIZZONI,          )
                         )
       Plaintiff,          )
                         )
   v.                      )          Civil Action No. 05-6772
                         )
GANDER HILL PRISON; JOHN/JANE DOES; )
M.D. MEDICAL DIRECTOR, STATE OF     )
DELAWARE CORRECTIONAL SYSTEM      )
PRISON HEALTH SERVICES, INC.; WARDEN )
GANDER HILL PRISON; COMMISSIONER,   )
DEPARTMENT OF CORRECTIONS, STATE   )
OF DELAWARE                    )
                         )
       Defendants.       )

## MOTION AND ORDER FOR ADMISSION PRO HAC VICE

Pursuant to Local Rule 83.5 and the attached certification, counsel moves the admission *pro hac vice* of Ophelia M. Waters, Esquire; to represent the Gander Hill Prison; Warden of Gander Hill Prison; and Commissioner, Department of Corrections, State of Delaware in this matter.

                    Respectfully submitted,

                    THOMAS W. CORBETT, JR.
                    Attorney General

                    RICHARD A. SHEETZ, JR.
                    Executive Deputy Attorney General
                    Director, Criminal Law Division

          By: _____
                    Amy Zapp
                    Chief Deputy Attorney General
                    Appeals & Legal Services Section
Office of Attorney General           Criminal Law Division
16th Floor, Strawberry Square       Attorney I.D. # 28065
Harrisburg, PA 17120
Phone: (717) 705-4487

Dated: August 7, 2006

## CERTIFICATION BY COUNSEL TO BE ADMITTED PRO HAC VICE

Pursuant to Local Rule 83.5, I certify that I am eligible for admission to this

Court, am admitted, practicing and in good standing as a member of the Bar of the State

of Delaware and pursuant to Local Rule 83.6 submit to the disciplinary jurisdiction of

this Court for any alleged misconduct which occurs in the preparation or course of this

action.  I also certify that I am generally familiar with this Court's Local Rules.

Date: _August 1, 2006_ _Ophelia M. Waters_

Ophelia M. Waters, (DE ID no.: 3879)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 North French Street
Wilmington, DE  19801
(302) 577-8400
Attorney for State Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SALIZZONI                    :        CIVIL ACTION
            Plaintiff,               :
        v.                           :
                                     :
GANDER HILL PRISON, et al.           :        NO.   05-6772
            Defendants.              :

CERTIFICATE OF SERVICE

I declare under penalty of perjury that a copy of the application of Ophelia M. Waters

Esquire, to practice in this court pursuant to Local Rule of Civil Procedure 83.5.2(b) and the relevant

proposed Order which, if granted, would permit such practice in this court was mailed today with

postage prepaid to:

Frank J. Marcone, Esq.

2530 North Providence Road

Upper Providence, PA  19063

_____
Signature of Attorney

_____
Name of Attorney

_____
Name of Moving Party

8-4-06
_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No# ___05-6772___

*APPLICATION FORM FOR THOSE ATTORNEYS SEEKING TO PRACTICE IN THIS COURT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(b)*

I. APPLICANT'S STATEMENT

I, Ophelia M. Waters _____ the undersigned, am an attorney who is not currently admitted to either the bar of this court or the bar of the Supreme Court of Pennsylvania, and I hereby apply for admission to practice in this court pursuant to Local Rule of Civil Procedure 83.5.2(b), and am submitting a check, number _6966_, for the $40.00 admission fee.

A.    I state that I am currently admitted to practice in the following state jurisdictions:

| Delaware | 12-1999 | 3879 |
|---|---|---|
| (State where admitted) | (Admission date) | (Attorney Identification Number) |
| Pennsylvania | 11-1989 | 56938 (non residence) |
| (State where admitted) | (Admission date) | (Attorney Identification Number) |
| Virginia | 10-6-1994 | 37459 (Associate Status) |
| (State where admitted) | (Admission date) | (Attorney Identification Number) |

B.    I state that I am currently admitted to practice in the following federal jurisdictions:

| District of DE | 3/9/2000 | 3879 |
|---|---|---|
| (Court where admitted) | (Admission date) | (Attorney Identification Number) |
| | | |
| (Court where admitted) | (Admission date) | (Attorney Identification Number) |
| | | |
| (Court where admitted) | (Admission date) | (Attorney Identification Number) |

C.    I state that I am at present a member of the aforesaid bars in good standing, and that I will demean myself as an attorney of this court uprightly and according to law, and that I will support and defend the Constitution of the United States.

I am entering my appearance for    State of Delaware

_(signature)_
(Applicant's Signature)

_8-1-06_
(Date)

APPLICANT'S OFFICE ADDRESS AND TELEPHONE NUMBER:

Delaware Department of Justice
820 North French Street, 6th Floor Civil Division
Wilmington, DE   19801

Sworn and subscribed before me this

1st Day of August, 200 6

_(signature)_
Notary Public

VALERIE D. DAVIS
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires July 28, 2007

10/04

## II. SPONSOR'S STATEMENT, MOTION AND CERTIFICATE OF SERVICE

The undersigned member of the bar of the United States District Court for the Eastern District of Pennsylvania hereby moves for the admission of _____Ophelia M. Waters_____ to practice in said court pursuant to Local Rule of Civil Procedure 83.5.2(b), and certify that I know (or after reasonable inquiry believe) that the applicant is a member in good standing of the above-referenced state and federal courts and that the applicant's private and personal character is good.  I certify that this application form was on this date mailed, with postage prepaid, to all interested counsel.

| Amy Zapp | *(signature)* | July 1, 1986 | 28065 (PA) |
|---|---|---|---|
| Sponsor's Name | Sponsor's Signature | Admission date | Attorney Identification No. |

SPONSOR'S OFFICE ADDRESS AND TELEPHONE NUMBER:

Office of Attorney General

Criminal Division, Appeals & Legal Services

16th Floor, Strawberry Square

Harrisburg, PA 17120

Phone (717) 705-4487

Sworn and subscribed before me this

4 Day of August, 200 6

*(signature)*

Notary Public

NOTORIAL SEAL
Teresa R. Wills, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires October 7, 2008



(10)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SALIZZONI,                          )
                                            )
      Plaintiff,                      )
                                            )
                                            )
    v.                                    )
                                            )       Civil Action No. 05-6772
GANDER HILL PRISON; JOHN/JANE DOES;         )
M.D. MEDICAL DIRECTOR;  STATE OF            )
DELAWARE CORRECTIONAL SYSTEM                )
PRISON HEALTH SERVICES, INC.; WARDEN        )
GANDER HILL PRISON; COMMISSIONER,           )
DEPARTMENT OF CORRECTIONS, STATE            )
OF DELAWARE,                                )
                                            )
      Defendants.                      )

## ORDER

AND NOW, this _10_ day of _August_, 2006, it is hereby

ORDERED that the application of Ophelia M. Waters, Esquire, to practice in this court

pursuant to Local Rule of Civil Procedure 83.5.2(b) is

    ☑    GRANTED.

    ☐    DENIED.

                            _____
                            The Honorable Anita B. Brody

COPIES VIA ECF ON ____ TO:  COPIES VIA US Mail on ____ TO:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Michael Salizzoni,                                    )
      Plaintiff,                                   )
                                                      )
      v.                                           )
                                                      )   Civil Action No. 05-6772
Gander Hill Prison; John/Jane Does; M.D.              )
Medical Director; State of Delaware                   )
Correctional System, Prison Health Services,          )
Inc.; Warden Gander Hill Prison; Commissioner)
Department of Corrections, State of Delaware,          )
      Defendants.                                  )

**LIMITED ENTRY OF APPEARANCE**

**TO THE CLERK OF THE COURT:**

    **PLEASE ENTER THE APPEARANCE** of Ophelia M. Waters, Deputy Attorney

General, on behalf of defendants, State of Delaware, Department of Correction, Gander Hill

Prison (properly known as Howard R. Young Correctional Institution); Warden of Gander Hill

Prison and Commissioner of the Delaware Department of Correction. This limited Entry of

Appearance shall not be considered to be a waiver of any jurisdictional defects or defects in

service upon the defendants. The defendants specifically reserve all rights to raise jurisdictional,

service or statute of limitations defenses which may be available.

                              **STATE OF DELAWARE**
                              **DEPARTMENT OF JUSTICE**

                              /s/ Ophelia M. Waters, *pro hac vice*
                              Ophelia M. Waters, I.D. #3879
                              Deputy Attorney General
                              820 North French Street, 6th Floor
                              Wilmington, Delaware 19801
                              (302)577-8400
                              ophelia.waters@state.de.us
Dated: August 18, 2006                Counsel for State Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2006, I electronically filed *Entry of Appearance* with

the Clerk of Court using CM/ECF.  I hereby certify that on August 18, 2006, I have mailed by

United States Postal Service, the document to the following non-registered participant:  Frank J.

Marcone, Esquire, 2530 N. Providence Rd, Upper Providence, Pennsylvania 19063, Amy Zapp,

Esq., Office of Attorney General, Walnut Street and Market Street, 16th Floor, Strawberry

Square, Harrisburg, PA  17120.


**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

<u>/s/ Ophelia M. Waters</u>, *pro hac vice*
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Michael Salizzoni,                                    )
         Plaintiff,                        )
                      )
        v.                                )        Civil Action No. 05-6772
                      )
Gander Hill Prison; John/Jane Doe; M.D.               )
Medical Director; State of Delaware                   )
Correctional System, Prison Health Services,          )
Inc.; Warden Gander Hill Prison; Commissioner)
Department of Corrections, State of Delaware,         )
         Defendants.                      )

## STATE DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR  DEFAULT JUDGMENT

      State of Delaware, Department of Correction, and its Commissioner and Warden,

prison officials ("State defendants"), by and through undersigned counsel, hereby oppose

the entry of default judgment pursuant to Federal Rules of Civil Procedure Rule 55 (c). In

support of the opposition, defendants offer the following to demonstrate good cause why

default should not be entered against them.

      FACTS

      1.      On or about December 25, 2005, plaintiff[1] filed the instant lawsuit within

the Eastern District Court of Pennsylvania pursuant to 42 U.S.C. §1983 alleging a

deprivation of plaintiff's rights to adequate medical treatment against the above captioned

defendants.[2]

      2.      This action is based on plaintiff's allegation that his civil liberties were

---

[1] According to the Complaint, Michael Salizzoni is a Delaware resident of 661 Whiterock Road, Bear, Delaware 19701. At all relevant times, plaintiff resided in the State of Delaware.

[2] Defendants are the State of Delaware, and its agents and state officials. By entering a limited appearance, State Defendants do not intend to avail themselves of the general jurisdiction of Pennsylvania and do not intend to waive any jurisdictional defenses available to this action.

violated when he was a prisoner at the Howard R. Young Correctional Institution

("HRYCI"), in Wilmington, Delaware a/k/a Gander Hill, on or about November 23,

2002[3]. (D.I.1). Plaintiff alleges that he suffered the disease Hepatitis C for which he

treated with chemotherapy. Id. He further alleges that during his brief incarceration in the

custody of the Delaware Department of Correction ("DDOC") he was prevented from

continuing his course of therapy. Id.  As a result, he alleges, "interruption in his regimen

of treatment had probably rendered the disease terminal." Id.

       3.     Service of the summons and complaint had not been accomplished upon

any defendant within 120 days after filing of the complaint as required by Federal Rules

of Civil Procedure 4 (m). Neither the State Defendants nor the Attorney General were

served with copies of Plaintiff's complaint or in accordance with 10 Del. C. § 3103(c).[4]

Plaintiff sought leave to extend service to no later than May 10, 2006. (D.I. 4). The Court

granted plaintiff's motion to extend the time for service. (D.I. 5). A review of the court

docket entries reveals " summons returned executed filed by Michael Salizzoni re: Robert

Frick served Summons and Complaint upon Gander Hill prison by personal service."

(D.I. 6).

       4.     On or about July 25, 2006, Plaintiff filed a motion for default judgment

against all of the above-captioned defendants with the District Court. (D.I. 8). However,

on July 28, 2006, the Delaware Department of Justice received a letter dated July 24,

---

[3] Plaintiff's last known period of incarceration was during a three week period commencing November 13, 2002 through December 6, 2002.

[4] **10 Del. C. § 3103** reads, in pertinent part, **(c)** "No service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General."

2004 advising that Plaintiff had filed a motion for a default judgment against the defendants. (D.I. 9). This is Defendants' opposition to Plaintiff's Motion for Default Judgment.

ARGUMENT

5.      Federal Rules of Civil Procedure Rule 55 (b) provides: "when a party has failed to appear, plead or otherwise defend, as provided by these Rules, and that fact is made to appear, judgment by default *may* be entered . . . ." [emphasis added]. Whether a default judgment shall issue is in the Court's discretion.

6.      The Third Circuit has adopted a policy of disfavoring default judgments and encouraging decisions on the merits. *See Harad v. Aetna Casualty & Surety Company*, 839 F.2d 979, 982 (3d Cir. 1988); *Jones v. Kearney*, 2000 WL 1876433 (D. Del.); *Ore, Inc. v. Hawkins*, 1995 WL 133637 (E.D. Pa.).

## The District Court Should Deny Plaintiff's Motion for Default Judgment

7.      The Defendants respectfully submit that it is inappropriate to enter default judgment under the circumstances present in the instant case. While the Court has not yet granted Plaintiff's motion for default, cases which set aside default judgments are instructive.  Factors a court must consider to decide whether to set aside a default are: (1) whether vacating the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. *Emcasco Ins., Co., v. Sambrick,* 834 F.2d 71, 73 (3d Cir. 1987); *55,518.05 in U.S. Currency,* 728 F.2d 192 (3d Cir.1984); *Feliciano v. Reliant Tooling*

*Co.*, 691 F.2d 653, 656 (3d Cir.1982); *Spurio v. Choice Sec. Sys., Inc.,* 880 F. Supp. 402, 404 (E.D.Pa.1995). All three factors must favor the party seeking a default judgment. Delay, by itself, is rarely sufficient to establish the required degree of prejudice necessary to support a default judgment. *Feliciano*, 691 F.2d at 656.

8.     Default is not favored and doubt should be resolved in favor of setting aside a default and reaching a decision on the merits. *99 Stores, Inc. v. Dynamic Distributors*, C.A. No. 97-3869, 1998 WL 24338, at *4 (E.D.Pa. 1998) (Exhibit A) (setting aside default judgment based on lack of prejudice, assertion of meritorious defense, and lack of culpable conduct by the Defendants) (*citing Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120, 122 (3d Cir.1983) and *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir.1982)).  The Third Circuit has noted that "a standard of 'liberality,' rather than 'strictness' should be applied in acting on a motion to set aside a default judgment, and that '(a)ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Medunic v. Lederer,* 533 F.2d 891, 893-94 (3d Cir. 1976) (quoting *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245-46 (3d Cir. 1951)).

9.     Default is a disfavored manner in which to resolve litigation and Plaintiff has failed to demonstrate any prejudice which would result from allowing this case to proceed on the merits.  Additionally, the Defendants respectfully argue that they will plead meritorious defenses and that the delay in responding to the complaint occurred through no fault of the individual defendants. According to the standards for setting aside default judgments, the Defendants would be entitled to have any default judgment set aside.

### A.    Lack of Prejudice.

10.    The Plaintiff, incarcerated at the time of the filing of the complaint, no longer continues to be incarcerated within the State of Delaware Department of Correction.  Plaintiff has failed to identify how he would suffer any prejudice by denying his motion for default judgment.  The effect of denial of his motion would be to allow the case to proceed and permit Plaintiff the opportunity to litigate his claim.  The delay in this matter is attributable to the Plaintiff.  According to the docket, Plaintiff waited more than 120 days to effect proper service of the complaint on the defendants. (*See* D.I. 6). To the extent Plaintiff claims any prejudice, Plaintiff failed to pursue available remedies for a period of nearly three years.  It would be disingenuous for Plaintiff to now claim that this delay caused him prejudice.

11.    Furthermore, Plaintiff's claim is based on rights which are not legally cognizable. Plaintiff's alleges that his civil liberties were violated when he was incarcerated for a period of approximately three weeks without adequate medical treatment. (D.I. 1). In order to state a claim for a violation of the Eighth Amendment in a case alleging inadequate medical treatment, " a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*citing Trop v.Dulles*, 356 U.S. 86, 101 (1958)).

12.    The *Estelle* test has two components, the first of which requires that the plaintiff shows a serious medical need. *Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir. 1987) (quotations and citations omitted), *cert. denied*, 486 U.S. 1006 (1988). To satisfy the "deliberate indifference" portion of the *Estelle* test, a plaintiff must allege that a

defendant either acted with reckless disregard for, or with actual intent to disregard, his

medical condition. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). In *Farmer v.*

*Brennan*, the Supreme Court set forth a subjective standard for the purpose of

determining deliberate indifference:

> We hold . . . that a prison official cannot be found liable under the Eighth
> Amendment for denying an inmate humane conditions of confinement
> unless the official knows of and disregards an excessive risk to inmate
> health and safety; the official must be aware of facts from which there
> could be drawn that a substantial risk of serious harm exists, and he must
> also draw the inference.
> 511 U.S. 825, 834 (1994).

"Thus, under this prong, a prisoner must show not only that the official knew of

the serious medical need, but also that he or she consciously disregarded it." *Waller v.*

*O'Day*, Civ. A. No. 96-45 RRM, McKelvie, J., slip op. at 9 (D. Del. 1996)(citation

omitted). Plaintiff fails to identify an act or omission with deliberate indifference

performed by any individual state official or employee from the Howard R. Young

Correctional Institution that would state a claim under the Eighth Amendment. As *Estelle*

explains, "mere difference of opinion between the prison's medical staff and the inmate

as to the diagnosis or treatment which the inmate receives does not support a claim of

cruel and unusual punishment." *Estelle*, *supra*, n. 21. *See also, Fitzgerald v. Septer*, 1998

U.S. Dist. LEXIS 23397, C.A. No. 97-663-JJF at 2 (D. Del. July 27, 1998) (holding that

claim alleging mere dissatisfaction with medical care administered to prisoner is

insufficient to support cognizable claim under § 1983); *Johnstone v. United States*, 980 F.

Supp 148, 153 (E.D. Pa. 1997).

      13.    Plaintiff's claim is non-meritorious *ab initio.* He cannot possibly establish

that the delay in responding to his complaint has prejudiced his ability to litigate or

recover.[5]

**B.      Defendants have demonstrated a *prima facie* meritorious defense.**

14.      To determine whether a defense is meritorious, the court considers the plaintiff's allegations. *See 55,518.05 in U.S. Currency,* 782 F.2d at 195.  The Defendants assert that reading the allegations of the complaint as true Plaintiff fails to state a claim upon which relief can be granted.  At best, Plaintiff alleges solely *negligent* treatment of a medical condition. Even assuming Plaintiff's complaint could survive the pleading stage the Defendants will raise lack of jurisdiction, the Eleventh Amendment, statute of limitations, qualified immunity, and the Prison Litigation Reform Act (PLRA) as defenses to Plaintiff's claims. The Defendants will raise meritorious defenses to Plaintiff's claims and Plaintiff has suffered no prejudice by this delay.   Therefore, Plaintiff's motion for default judgment should be denied.

**C.      The Defendants' individual conduct is not culpable.**

15.      In evaluating whether defendants' conduct is culpable, the court must decide if defendants' actions were caused by mistake or excusable neglect. *See, Feliciano,* 691 F.2d at 656. The individual defendants did not intentionally, knowingly, or recklessly attempt to delay the proceedings in this matter. The Delaware Department of Justice routinely (and almost exclusively) represents the State, state officials and employees in relation to suits arising from their employment. *See*, 10 Del. C. § 3925.

16.      Federal Rules of Civil Procedure Rule 55 (b) provides:

> [W]hen a party against whom a judgment for affirmative relief is sought, has failed to appear, plead, or otherwise defend as provided by these Rules, and that fact is made to appear, judgment by default may be

---

[5] This argument is not intended to suggest that the Defendants simply ignored the complaint because they believed it was frivolous.  If permitted, the Defendants will submit their arguments for dismissal to the Court for its determination.

entered.

This rule must be read in conjunction with 10 <u>Del. C.</u> §3103(c) concerning service of process upon the State, its officers and employees. The Defendants in this action are officers of the state government and the claim against them arose in connection with the exercise of their official powers and duties.  To this date, the Plaintiff has failed to serve any member in the Attorney General's office.  Therefore, no service of summons upon the Defendants in this matter is complete and a response is not required. Until a return showing proper service upon the defendant is before the court, judgment by default should not be granted. *See*, *Gold Kist, Inc.*, *v. Laurinburg Oil Company*, 756 F.2d 14, 18-19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is *a fortiori*, void, and should be set aside.").

17.    Moreover, the court lacks *in personam* jurisdiction to enter a default because the defendants were never properly served with the complaint. Plaintiff's failure to appropriately serve the Defendants excuses their neglect to respond to the complaint and default is inappropriate. *Gold Kist*, 756 F.2d at 19.

CONCLUSION

Plaintiff fails to demonstrate that he will suffer substantial prejudice if the default judgment is not entered and he is required to proceed to trial.  Absent a showing of substantial prejudice, no harm exists in permitting the Defendants to respond to the complaint and Plaintiff's motion for default judgment is properly denied.  *99 Stores, Inc. v. Dynamic Distributors*, supra at *4 (E.D.Pa. 1998).

Wherefore, for the hereinabove reasons, State defendants respectfully request that the Court deny Plaintiff's requests for default or entry of a default judgment

in this matter and further request that the Court permit State defendants twenty (20) days

to answer or otherwise defend against the complaint.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**


<u>/s/ Ophelia M. Waters</u>, *pro hac vice*
Ophelia M. Waters, ID#3879
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, Delaware 19801

Attorney for State Defendants

Dated: August 18, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Michael Salizzoni,             )
      Plaintiff,         )
                          )
      v.                  )
                          )    Civil Action No. 05-6772
Gander Hill Prison; John/Jane Does; M.D.  )
Medical Director; State of Delaware     )
Correctional System, Prison Health Services,  )
Inc.; Warden Gander Hill Prison; Commissioner)
Department of Corrections, State of Delaware,  )
      Defendants.        )

## <u>ORDER</u>

**WHEREAS,** the State Defendants' failure to respond to Plaintiff's complaint was the result of excusable neglect;

**WHEREAS,** the State Defendants have a meritorious defense to the underlying claim;

**WHEREAS,** the Plaintiff has failed to show that he will suffer substantial prejudice if a default judgment is not entered, and

**WHEREAS**, the Court finds the State Defendants have filed an appropriate Opposition to entry of Default Judgment,

**IT IS SO ORDERED** this _____ day of _____, 2006, the Plaintiff's Motion for Default Judgment is **DENIED.**


_____
The Honorable Anita B. Brody

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, I electronically filed *State Defendants'*

*Memorandum in Opposition to Default Judgment* with the Clerk of Court using CM/ECF.

I hereby certify that on August 18, 2006, I have mailed by United States Postal Service,

the document to the following non-registered participant(s):  Frank J. Marcone, Esquire,

2530 N. Providence Rd, Upper Providence, Pennsylvania 19063, Amy Zapp, Esq., Office

of Attorney General, Walnut Street and Market Street, 16th Floor,  Strawberry Square,

Harrisburg, PA  17120.


**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters , *pro hac vice*
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us

Westlaw.

Not Reported in F.Supp.

Not Reported in F.Supp., 1998 WL 24338 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

C

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
   United States District Court, E.D. Pennsylvania.
                99¢ STORES, INC.
                    v.
   DYNAMIC DISTRIBUTORS, and Mark Engel
            **No. CIV.A. 97-3869.**

Jan. 22, 1998.

### MEMORANDUM AND ORDER
NORMA L. SHAPIRO, J.

*1 99¢ Stores, Inc ("Stores") brought this breach of contract and fraud action against Dynamic Distributors, Inc. ("Dynamic") through its President Mark Engel ("Engel"). Because they failed to answer the complaint, Stores moved for default against both Dynamic Distributors, Inc. and Engel (collectively "Distributors"). After the default was entered but before it was reduced to judgment, Distributors moved to set the default aside. Because default is a sanction of last, not first resort, and because the defendants have sufficiently alleged the required elements to set aside a default, the motion will be granted. Distributors also claims this court lacks subject matter jurisdiction over the action, and personal jurisdiction over Engel. The court rejects these claims, and will not dismiss for lack of jurisdiction.

### BACKGROUND

Stores, a Pennsylvania corporation, contracted with Distributors, a New York Corporation, through Engel, a resident of New York, for the sale and delivery of stationary in the amount of $62,465.25, paid in advance. Because Distributors only shipped $15,151.50 worth of goods, Stores sued Distributors for the balance and lost profits. Rather than answering the complaint, Distributors attempted to negotiate a settlement. Stores moved

for entry of default, and then for entry of judgment on the default. Distributors filed a motion to set aside the default before the hearing on Stores' damages; it claimed the court lacked subject matter jurisdiction and personal jurisdiction over Engel. The court held oral argument on whether the default should be set aside.

### DISCUSSION

#### *Subject Matter Jurisdiction*

Plaintiff brought this claim under diversity jurisdiction, 28 U.S.C. § 1332. That section requires complete diversity of citizenship between the plaintiff and the defendants and at least $75,000 in controversy. The parties are diverse because the plaintiff is a Pennsylvania corporation; Dynamic is a New York corporation; and Engel is a citizen of New York. However, Distributors claims the amount in controversy does not exceed $75,000.

The amount in controversy claimed by the plaintiff, if made in good faith, must be accepted unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288-89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In its most recent affidavit, Stores alleges that damages total $152,461.45: $47,313.75 in advance payment for unshipped merchandise, and $105,147.70 in lost profits. Since it cannot be said to a legal certainty that the claim can only be for a lesser amount, the court has subject matter jurisdiction over the action.

#### *Personal Jurisdiction*

Engel claims this court lacks personal jurisdiction over him. To exercise personal jurisdiction, the Pennsylvania long-arm statute must allow for the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1998 WL 24338 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.)

exercise of jurisdiction, and that exercise must satisfy the Due Process Clause of the Constitution. Pennsylvania's long arm statute allows for the exercise of personal jurisdiction over anyone " [c]ausing harm or tortious injury by an act or omission in this Commonwealth [or][c]ausing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." 42 Pa. Cons.Stat. § 5322(a)(3), (4). Stores' complaint alleges that Engel committed fraud in the contract negotiations in Pennsylvania. The commission of fraud alleged by Stores is an adequate basis for personal jurisdiction under Pennsylvania's long-arm statute.

*2 This exercise of personal jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment: "the defendant must have made constitutionally sufficient minimum contacts with the forum" and the court's exercise of personal jurisdiction must "comport with traditional notions of fair play and substantial justice." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.,* 75 F.3d 147, 150 (3d Cir.1996).

Minimum contacts exist when "the defendant has purposefully directed its activities toward residents of the forum. There must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* Engel allegedly made fraudulent statements in Pennsylvania to Pennsylvania residents, with the expectation that those Pennsylvania residents would act upon them. These acts in the forum are sufficient to meet the requisite minimum contacts. *See Calder v. Jones,* 465 U.S. 783, 789-90, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (publication of an allegedly libelous story concerning California residents by a Florida newspaper, where the reporter had no other relevant contact is sufficient contact with California).

The exercise of personal jurisdiction over a defendant who allegedly committed fraud in the forum state satisfies "traditional notions of fair play and substantial justice." *Carteret Savings Bank, FA v. Shushan,* 954 F.2d 141, 146-147 (3d Cir.) *cert. denied,* 506 U.S. 817, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992); *Gehling v. St. George's School of Medicine, Ltd.,* 773 F.2d 539 (3d Cir.1985). Engel's claim that this court cannot exercise personal jurisdiction over him is meritless. *Setting Aside the Default*

In determining whether to set aside a default, a court must consider: (1) whether vacating the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. *Emcasco Ins., Co., v. Sambrick,* 834 F.2d 71, 73 (3d Cir.1987); *55, 518.05 in U.S. Currency,* 728 F.2d 192 (3d Cir.1984); *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656 (3d Cir.1982); *Spurio v. Choice Sec. Sys., Inc.,* 880 F.Supp. 402, 404 (E.D.Pa.1995).

Prejudice can be shown through loss or destruction of evidence, increased potential for fraud and collusion, or substantial reliance upon the entry of default. *Feliciano,* 691 F.2d at 657; *Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120, 123 (3d Cir.1983). Distributors argued that setting aside the default would not prejudice Stores. Stores, in its memorandum in opposition to the motion to set aside the default, presented no argument in opposition to Distributors' contention. No evidence of prejudice has been presented.

*3 "The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established at trial would constitute a complete defense." *Hritz v. Woma Corp.,* 732 F.2d 1178, 1181 (3d Cir.1984). To determine whether the defendant's defense is meritorious, the court considers the plaintiff's allegations. *See, 55,518.05 in U.S. Currency,* 782 F.2d at 195. Stores alleges that Distributors breached the contract by not delivering the goods, and that Distributors committed fraud.

Distributors argues that the contract was breached by Stores when it did not accept the delivery of the goods. Engel's affidavit, attached to Distributors' motion, states that Distributors attempted to deliver the goods, but the delivery was rejected by Stores for lack of warehouse space. Under the Uniform Commercial Code, a contract obligates the seller to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                Page 3
Not Reported in F.Supp., 1998 WL 24338 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

deliver to the buyer the goods called for under the contract, and it obligates the buyer to accept delivery and pay for such goods. 13 Pa. Con. Stat. § 2301. Although the affidavit does not state when and where delivery was attempted, it does specifically allege that Stores did not accept the goods when Distributors sought to deliver them. If proved at trial, this might constitute a complete defense to the breach of contract claim.

Distributors also alleges it has a defense to the fraud claim. To prevail on its claim of fraud, Stores must prove that: Distributors made a representation or omission, material to the transaction, with knowledge or recklessness as to its falsity and with the intent of misleading Stores into relying on it; Stores justifiably relied on it; and injury was proximately caused by the reliance. *See Protocomm Corp. v. Fluent, Inc.,* 1994 WL 719674, *15 (E.D.Pa. Dec.27, 1994) (citing *Gibbs v. Ernst,* 538 Pa. 193, 647 A.2d 882, 889 (Pa.1994) ). Stores' allegations of fraud are based on two representations by Distributors: that Distributors had the merchandise for immediate shipment, and that Distributors was financially sound. In its motion to set aside the default, Distributors asserts it had the goods at the time of contracting, and the parties discussed Distributors' difficult financial situation. If both of these statements are true, Stores will be unable to show that Distributors knowingly or recklessly made a false representation or that Stores' alleged reliance was reasonable. These two assertions, made in Distributors' affidavit, serve as a complete defense to the fraud claim.

Distributors alleges that its failure to answer was not culpable. Distributors was under the impression that ongoing negotiations and the possibility of settlement obviated the need for prompt response. Culpable conduct is more than mere negligence. Wilfulness or bad faith is required. *Atlas Communications, Ltd. v. Waddill,* 1997 WL 700492, *2 (E.D. Pa., Oct 31, 1997). Distributors' failure to answer because it was negotiating a settlement cannot be characterized as " flagrant bad faith" or "callous disregard of [its] responsibilities." *National Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643, 96

S.Ct. 2778, 49 L.Ed.2d 747 (1976).

*4 Default is not favored and doubt should be resolved in favor of setting aside a default and reaching a decision on the merits. *Gross,* 700 F.2d at 122 (citing *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir.1982)). The default will be set aside.

### CONCLUSION

It appears from the plaintiff's complaint that the court has subject matter jurisdiction; the action will not be dismissed for failure to meet the requisite amount in controversy. There is also personal jurisdiction over Engel; the action will not be dismissed as against him. Distributors has met the requirements for setting aside the default: no prejudice to Distributors has been shown; Distributors has alleged a complete defense to Stores' claims; and the failure to answer did not result from Distributors' culpable conduct. The default will be set aside.

### *ORDER*

AND NOW this 21st day of January, 1998, upon consideration of defendants' motion to set aside the default, plaintiff's response in opposition thereto, it is ORDERED that:

1. Defendants' Motion to Set Aside the Default it GRANTED.

2. Plaintiff's Motion for Entry of Judgment by Default is DENIED.

3. Defendants shall answer plaintiff's complaint on or before February 6, 1998.

E.D.Pa.,1998.
99 Stores, Inc. v. Dynamic Distributors
Not Reported in F.Supp., 1998 WL 24338 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:97cv03869 (Docket) (Jun. 05, 1997)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DATE MAILED September 7, 2006**

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GANDER HILL PRISON, et al. | : | No.05-6772 |

**N O T I C E**

This case has been assigned to Judge Anita B. Brody.

> **ANY NONGOVERNMENTAL CORPORATE PARTY SHALL FILE FORTHWITH A STATEMENT WITH THE COURT (WITH A COPY TO CHAMBERS) IDENTIFYING ALL ITS PARENT CORPORATIONS AND LISTING ANY PUBLICLY HELD COMPANY THAT OWNS 10% OR MORE OF THE PARTY'S STOCK. A PARTY SHALL SUPPLEMENT THE STATEMENT WITHIN A REASONABLE TIME OF ANY CHANGE IN THE INFORMATION.**

1. A pretrial scheduling conference as described in Fed. R. Civ. P. 16 (a), (b) and (c) and Local R. Civ. P. 16.1 (a) and (b) will be held in chambers on **Tuesday, September 12, 2006** at **10:30 a.m.**. Unless otherwise specified, Judge Brody will follow the procedure at the conference as outlined in the federal and local rules.

2. Not later than **3** days prior to the conference, counsel must submit to the court a joint Proposed Discovery Plan under Rule 26(f). Disagreements concerning the timetable of discovery or other discovery-related matters must be highlighted in bold-face type. For assistance in developing the Proposed Discovery Plan counsel shall follow the example set forth in **Attachment A**.

3. Motions to dismiss, transfer, add parties and other threshold motions should be filed, whenever possible, **before** the conference.

4. Prior to the conference, counsel shall evaluate the case for settlement purposes. Plaintiff's counsel shall make a demand on opposing counsel no later than **five days** prior to the conference. Defense counsel shall respond to the demand no later than one day prior to the conference. All counsel shall arrive at the conference with settlement authority from the client and arrange for the client to be available by telephone for the duration of the conference.

5.  Unless the factual or legal issues are complex, the conference will last approximately thirty minutes.  Judge Brody expects trial counsel to attend this conference.  If unable to attend, trial counsel must appoint other counsel familiar with the case to attend the conference.  Trial counsel shall notify Judge Brody and opposing counsel of a substitute appearance at the earliest possible date.

6.  At the conference the following matters will be considered (See Fed. R. Civ. P 16(b) and (c) and Local R. Civ. P. 16(b)):

     (a)  jurisdiction;

     (b)  recitation of the facts, claims, and applicable law;

     (c)  settlement;

     (d)  setting dates for pretrial matters (see **Attachment A**);

     (e)  any other matters that may arise.

7.  The parties should be prepared at the conference to argue all outstanding motions.

8.  In an uncomplicated case, Judge Brody will set the discovery deadline for between 90 and 120 days after the conference. Discovery shall be served, noticed and completed by the discovery deadline. Requests for extension of discovery deadlines or trial pool entry dates may be made by letter, fax, or email to the law clerk assigned to the case, stating the reasons and noting the agreement or disagreement of all other counsel, or by telephone conference with all counsel participating.

9. All cases that are arbitrated through court-annexed arbitration will be immediately placed in the trial pool.

10. All attorneys appearing before Judge Brody must be registered on ECF.  All official filings submitted to the Clerk of the Court must be filed directly by the attorney on to ECF.  All orders, opinions and other docket entries generated from chambers will likewise be filed directly on to ECF.  Notice of these chamber entries will be communicated to counsel either by ECF or ordinary mail.

11.  Counsel must submit **TWO** courtesy hard copies to chambers of all papers filed with the clerk.  <u>Note</u>: This requirement also applies in ECF cases.

12. Your case has been assigned to:

__ Law Clerk Andrew Kingsdale, **andrew_kingsdale@paed.uscourts.gov**

_x_ Law Clerk Shalini Bhargava,**shalini_bhargava@paed.uscourts.gov**

__ Law Clerk Maura Dundon, **maura_dundon@paed.uscourts.gov**

13.   Counsel are reminded that all submissions given directly to Judge Brody in the courtroom or chambers must also be filed by counsel with the Clerk of the Court to assure proper docketing.

14.   Requests to reschedule a conference or other appearance before the court may be made by letter, fax, or email to the law clerk assigned to the case, stating the reasons and noting the agreement or disagreement of all counsel.  Counsel must also provide the court with five alternative dates that are acceptable to all parties.

15.   Request for a hearing or conference may be made by letter, fax, or email to the law clerk assigned to the case. Counsel must provide the court with five potential dates that are acceptable to all parties.

16. Judge Brody's Polices and Procedures can be accessed via the U.S. District Court's website at **www.paed.uscourts.gov.**

Throughout the course of the litigation, counsel shall provide the courtroom deputy clerk, Jim Scheidt, with current telephone numbers, fax numbers, and email addresses. Judge Brody's fax number is **215-580-2356.**

s/Marie O'Donnell

_____

Marie O'Donnell
Civil Deputy/Secretary to
Judge Anita B. Brody

xc: Frank J. Marcone, Esq. (via ECF)
    Amy Zapp, Esq. (via ECF)
    Christopher D. Carusone, Esq. (via ECF)
    Ophelia M. Waters, Esq. (via U.S. Mail)

**Civil Action No._____ Jury Trial _____ Bench Trial_____
Arbitration _____**

Caption:_____

**Trial Time Estimates:    Time to present your case _____**
**                         Time for entire trial _____**

## Attachment A - Proposed Discovery Plan Under Rule 26(f)

### I. Rule 26(a) Disclosures

Counsel anticipate completing the self-executing disclosures on_____,as required by Rule 26(a).

### II. Discovery Subjects

(A) Counsel agree that unless otherwise stipulated by the parties or ordered by the court, discovery shall proceed in accordance with the Federal Rules of Civil Procedure. This includes the amendments to the Federal Rules regarding electronic discovery effective December 1, 2006.  If the parties agree to modifications to this default position, please list:

(B) Counsel agree that the subjects for discovery include:

(C) Counsel anticipate that the following depositions will be necessary (identify parties if known at this point):

**III. Pretrial Timetable**

(A) The Court will enter the default scheduling order, a copy of which is attached as **Attachment B,** unless the parties request an alternate discovery schedule.  The parties request a close of discovery date of _____.

(B) Counsel may set forth below an alternative proposed scheduling order if agreed to by all parties.  Counsel should use dates certain rather than contingent dates; if a date is difficult to specify, counsel should estimate it to the best of their ability.

**IV. Alternative Dispute Resolution**

    (A) type of ADR, settlement conference etc.

    (B) timing of ADR

    (C) unless otherwise recommended, a settlement conference
        will be scheduled upon the close of all discovery.


**V. Other Pretrial Issues**

    (e.g. protective orders, etc.)


Signed,


_____
Counsel for Plaintiff


_____
_____Counsel for Defendant

## Attachment B - Default Scheduling Order

**AND NOW**, this _____ day of _____, 20_____,

**IT IS ORDERED** as follows:

1.  Pretrial timetable:

    - All discovery shall be completed  by _____.

    - Plaintiff's expert reports due **[4 weeks before close of discovery (COD)]**; Defendant's reports due **[2 weeks before COD]**; depositions of all experts to be completed by: **[COD]**.

    - Dispositive motions due normally **[2 weeks after COD]**.

    - Exchange of exhibits due **[4 weeks after COD]**.

    - Plaintiff's pre-trial memorandum due: **[4 weeks after COD]**.

    - Defendant's pre-trial memorandum due: **[6 weeks after COD]**.

    - All motions in limine due: **[6 weeks after COD]**.

    - Pre-trial hearing, such as Markman or Daubert, will be scheduled if needed.

    - After all dispositive motions have been decided or the time for filing dispositive motions has elapsed, the parties will be given notice of a Final Pre-Trial Conference.

2.  This case will be placed into the trial pool on **[30 days after dispositive motions are due]** or as soon thereafter as all dispositive motions have been decided.

3.  Unless the parties agree to another form of ADR, they shall schedule a settlement conference before United States Magistrate Judge David Strawbridge on or about **[COD]**.  Judge David Strawbridge will require that lead counsel and parties with full settlement authority attend the conference.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SALIZZONI                  :              CIVIL ACTION
                                   :
                                   :
              v.                   :
                                   :
                                   :              NO. 05-6772
GANDER HILL PRISON, et al.         **O R D E R**

        **AND NOW**, this   11th   day of   September , 2006,

**IT IS ORDERED** that the time of the Rule 16 Conference currently

scheduled for **Tuesday, September 12, 2006** at 10:30 a.m. will now

be held at **3:00 p.m..**  The conference will be held in chambers,

room 7613 on the 7th floor of the U.S. Courthouse, 601 Market

St., Philadelphia, PA.


ATTEST:                         or    BY THE COURT

              s/Marie O'Donnell

BY:_____        _____
      Deputy Clerk                    Anita B. Brody, J.

Civ 12 (9/83)

Copies via ECF on _____ to:  Copies MAILED on _____ to:

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

James F. G. Scheidt
Court Reporter

James F. G. Scheidt
Deputy Clerk

MICHAEL SALIZZONI          :          Frank J. Marcone, Esq.

vs.          :          CA  NO.  2005-6772

GANDER HILL PRISON, ET. AL          :          Ophelia M. Waters, Esq.; Erika Tross,
Esq.

:

**MINUTE SHEET**

BEFORE JUDGE Hon. Anita B. Brody    DATE 09-12-2006    TIME 3:29 P.M.

**RULE 16 CONFERENCE**

**PROCEEDING**

Mr. Marcone briefly outlines the history of the case for the Court as stated on the record.
The Court inquires of Mr. Marcone as to the venue of the case as stated on the record.
The Court asks Ms. Waters if she has formally moved for a transfer of venue. Ms. Waters informs the Court
that she has not but that she is moving to have this matter dismissed.
The Court shall not dismiss the case but shall transfer it to Delaware as stated on the record.**(Order to
follow).**

Court adjourned at 3:36 P.M.    To reconvene___

IN CRIMINAL PROCEEDINGS, EXCLUDABLE DELAY CODES MUST BE INSERTED BELOW IF
APPLICABLE, WITH THE EXPLICIT REASON FOR SUCH DELAY STATED HEREON.
    SPEEDY TRIAL ACT DELAY CODE( )    [ ] The Court deems this case "UNTRIABLE"

**TOTAL TIME IN COURT :  7 min.**
rev. 5/2003

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SALIZZONI,       :      CIVIL ACTION
                              :
           Plaintiff,       :
                              :
     v.                  :      NO. 05-CV-6772
                              :
GANDER HILL PRISON et al.,   :
                              :
           Defendants.    :

## <u>ORDER</u>

**AND NOW**, this  14TH    day of September 2006, pursuant to 28 U.S.C. § 1406(a), this

case is **TRANSFERRED** to the United States District Court for the District of Delaware.[1]

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:      Copies **MAILED** on _____ to:

---

[1] 28 U.S.C. § 1406(a) states: "The district court of a district in which a case is filed laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

O:\ABB 2006\Salizzoni order transferring case to Delaware.wpd