Frank J. Marcone, Esq.                           Atty ID # 8967
2530 N. Providence Rd                            Telephone 610 595 1441
Upper Providence, PA. 19063                      Fax 610 595 1448

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SALIZZONI                  :     CIVIL ACTION NO.
          Plaintiff                :
                                   :
vs.                                :
                                   :
GANDER HILL PRISON: JOHN/JANE DOE  :
M.D. MEDICAL DIRECTOR, STATE OF    :
DELAWARE CORRECTIONAL SYSTEM       :
PRISON HEALTH SERVICES, INC., WARDEN :
GANDER HILL PRISON, COMMISSIONER,  :
DEPARTMENT OF CORRECTIONS, STATE OF :
DELAWARE,                          :     jury trial demanded
          Defendants               :

---

**COMPLAINT**

       Michael Salizzoni, the Plaintiff herein, by his attorney, Frank J. Marcone, Equire, files this
Civil Complaint averring a violation of his Civil Rights under the provisions of 42 U.S.C.A. Section
1983 and others, and in support of his claim for damages resulting therefrom avers the following:

       1. Jurisdiction of the Court is based upon a claim being made pursuant to the Civil Rights
Act of 1964 and more specifically, Section 1983 and others and has resulted in an injury which may
be fatal.

       2. Michael Salizzoni, the Plaintiff is an individual currently residing at 661 Whiterock
Road, Bear Delaware 19701.

       3. The Defendants, the Gander Hill Prison, John/Jane Doe, M.D., Medical Director of the
State of Delaware Correctional System, Prison Health Services, Inc., Warden of Gander Hill Prison,
Commissioner of the Department of Corrections of the State of Delaware are all entities and
individuals who maintain their offices at and may be considered residents of the State of Delaware

4.   On or about the 23rd of November, 2002 the Plaintiff, Michael Salizzoni was incarcerated in Gander Hill Prison based upon a warrant which had been filed by the State of New Jersey wherein the Plaintiff was incorrectly alleged to have failed to pay a certain support Order which had originated in New Jersey.

5.   At the time of his arrest and incarceration, the Plaintiff was under treatment for Hepatitias C and was being treated at the Veteran's Hospital at Wilmington, Delaware and that treatment required a regimen of chemotherapy which was administered on a daily basis and which consisted of certain medications which were delivered to the Gander Hell Prison for the purposes of providing the continuous treatment during his incarceration.

6.   Thereafter, he was taken to court where it was admitted the arrest and incarceration were the result of an error in keeping record of funds which had been paid into the support order.

7.   The Plaintiff was ordered to be released from Prison.

8.   Instead of releasing the Plaintiff, Gander Hill Prison refused to release him until three days thereafter.

9.   During his incarceration he was denied access to the chemotherapy and was thereby deprived of the continuity of the treatment.

10.   Upon his release from Gander Hill Prison, the Plaintiff visited with his physician and learned the breach of the continuity in his treatment had resulted in the return of the Hepatitis C as though he did not undergo the treatement.

11.   Distressed and annoyed over what had occurred, the Plaintiff determined to delay the return to chemotherapy treatment.

12.   Within the last two years, the Plaintiff determined to reinstate treatment and learned the involuntary interruption of his chemotherapy treatment between his incarceration and his release in late December, 2002 has resulted in his losing any further effect from chemotherapy for the interruption has caused him to lose the ability to reinstate the same treatment and has deprived him of the treatment which may have cured his condition.

13.   The Plaintiff has been informed the chemotherapy treatment he was receiving had

provided the Plaintiff with an apparent cure and had he been able to complete the treatments the condition, which is fatal, may have been cured. The breach of the treatment resulting in the interruption of treatment has rendered any further treatment ineffective for the chemotherapy treatment was interrupted in such a manner as to render the condition untreatable by further chemotherapy.

14. The Plaintiff was unaware of the serious nature of the condition which resulted from the Gander Hill Prison depriving him of the chemotherapy treatment until he attempted to begin further treatment.

15. The Plaintiff discovered the damage caused by the denial of his chemotherapy treatment within the past two years.

16. The injury caused to the Plaintiff resulted from the actions of the above named Defendants in that they conspired to deprive him of his civil right to medical treatment as prescribed by his physician.

17. That deprivation was committed in the conspiratorial acts of the Defendants and were committed under the color of State law.

18. The Plaintiff's physician had contacted the Gander Hill Prison and notified the medical and guard staff that the chemotherapy was critical and had to be provided to the Plaintiff to be effective.

19. The Defendants, acting in concert with each other purposefully, negligently and with an intent to injure the Plaintiff deprived the Plaintiff of his medication after they were notified the continued treatment was necessary and imperative.

20. That the Plaintiff has suffered an injury from the actions of the Defendants and he seeks damages in consideration thereof.

WHEREFORE, the Plaintiff respectfully prays the court enter a judgment against all the Defendants in an amount in excess of $100,000 and said judgment to be entered both jointly and severally against all named defendants.

Respectfully submitted,

_____
Frank J. Marcone, Esq.
Attorney for the Plaintiff
Michael Salizzoni

December 24, 2005