Frank J. Marcone, Esq.                          Atty ID # 8967
2530 N. Providence Rd                           Telephone 484 442 8305
Upper Providence, PA. 19063                     Fax 484 442 8306

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SALIZZONI                 :        CIVIL ACTION NO. 05-6772
          Plaintiff               :
                                  :
vs.                               :
                                  :
GANDER HILL PRISON: JOHN/JANE DOE :
M.D. MEDICAL DIRECTOR, STATE OF   :
DELAWARE CORRECTIONAL SYSTEM      :
PRISON HEALTH SERVICES, INC., WARDEN :
GANDER HILL PRISON, COMMISSIONER, :
DEPARTMENT OF CORRECTIONS, STATE OF :
DELAWARE,                         :        jury trial demanded
          Defendants              :

---

## PLAINTIFF'S MOTION FOR JUDGMENT
## BY DEFAULT FOR FAILURE TO ANSWER

**TO THE HONORABLE, ANITA B. BRODY**, Judge of the United States District Court for the
Eastern District of Pennsylvania:

Michael Salizzoni, by his attorney, Frank J. Marcone, Esquire, files this Motion
requesting the Court enter Judgment by Default pursuant to the Federal Rules of Civil Procedure,
Rule and in support of the said Motion avers the following:

1. Michael Salizzoni is an individual who has filed this 42 U.S.C. Section 1983 action
averring that he was incarcerated in the "Gander Hill Prison" as a result of an improper
accusation that he had not been paying his child support in the State of New Jersey.  Before he
was improperly incarcerated, he was suffering from Hepatitis C which is a potentially fatal
disease.

1

2. Prior to his incarceration, he was involved in a regimen of chemotherapy which is a cure for the condition. That regimen requires once the chemotherapy begins the continuation of the regimen is absolutely necessary and any interruption in the regimen renders further treatment useless.

3. During his incarceration, the physician treating the Plaintiff, Michael Salizzoni had the chemotherapy drugs delivered to the Prison with instructions that the treatment must continue while he was incarcerated. The Prison refused to comply with the instructions of the physician and his physician's instructions were ignored resulting in a cessation of the chemotherapy.

4. After his release, the Plaintiff sought treatment and learned the interruption in his regimen of treatment had probably rendered the disease terminal.

5. Suit was started on December 25, 2005 when the Plaintiff filed a Complaint averring an injury as described above.

6. On February 6, 2006, the Plaintiff's attorney sent Notice of Suit to Gander Hill Prison, (MPCJF) Howard R. Young, Correctional Institution at P.O. Box 9279, Wilmington, Delaware, 19809. A copy of that Notice is attached hereto and is marked "Exhibit A". The actual notice constituted seven pages. The notice was sent by United States Mail, postage prepaid, first class.

That Notice enclosed a copy of the following:

1) Complaint
2) Notice of Lawsuit and Request for Waiver of Service of Summons
3) Two copies of the Waiver
4) Duty to Avoid Unnecessary Costs of Service or Summons
5) Notice of Right to Consent to Exercise of Jurisdiction by a United States Magistrate Judge.

7. A second Notice was sent on February 6, 2006 which was a repetitive act however it did constitute a second notice. A copy of the letter of transmittal is enclosed and is marked "Exhibit B".

2

8. There was no response to either letter dated February 6 and February 7, 2006 nor were the letters and enclosures returned to Plaintiff's counsel.  A third notice was sent on February 9th, 2006 and a copy of that Notice is attached hereto and is marked "Exhibit C".

9.  Having received no response, Plaintiff's counsel instructed his paralegal to send a fourth notice which is identical to the first two but which is dated February 15, 2006. A copy of that Notice is attached hereto, made a part hereof and is marked "Exhibit D" Those notices were sent by regular mail, postage prepaid and were never returned to Plaintiff's counsel.

10. On April 20th, 2006, Marie O'Donnell, Civil Deputy/Secretary to the Hon. Anita B. Brody, sent a letter to Plaintiff's counsel informing him that the record revealed service had not been accomplished and it must be made on or before April 28th, 2006.

11. Plaintiff's counsel immediately investigated and learned the Defendants had never responded to the five notices referred to above.

12. Plaintiff's counsel contacted the Office of the Clerk and procured copies of Summon's which for reasons unknown had never been placed in the client's file.  Since suit began on Christmas day, it is possible the Summons' were misplaced or lost in the mail.

13. On April 24, 2006, counsel for the Plaintiff prepared and filed a Praecipe for alias summons which was entered on the record on April 25, 2006.

14. On April 25, 2006, Plaintiff's counsel prepared a Motion seeking the Appointment of a Process Server pursuant to Local Rule 4.1.  That Motion was accompanied by an Order which was signed by the Clerk appointing Robert Frick as the authorized Process Server.

15. On April 28, 2006, the Clerk o f the Court issued Four (4) Alias Summons directed to the Defendants herein and the same were procured by Mr. Frick for immediate Service.

16. On April 28, 2006,  Plaintiff's counsel filed a Motion seeking an extension of time in which to serve the Summons and Complaint.

17.  On April 28, 2006, the Plaintiff's Authorized Process Server effected service by

3

personally delivering copies of the Alias Summons and Complaint together with a notice to respond on or before May 18, 2006.

18. On May 12, 2006, the Plaintiff filed a Return executed by Robert Frick attesting he served the Summons and Complaint upon Gander Hill Prison on April 28, 2006.

19. On May 12, 2006, Plaintiff's counsel sent a letter to the Defendants with a copy to the Plaintiff and the Court. That letter contains the following statement:

> "Service of a Complaint and Notice that unless a response is received by the Court on or before the 19th day of May, a Judgment by default will be entered against you has been served upon your office on April 28, 2006....Please attend to this as notified".
> A copy of that letter is attached hereto and is marked "Exhibit E".

20. That letter contained a full caption of the case but the Defendants have failed to respond to the letter and notice.

22. By count, the Plaintiff has served five separate letters containing notice of suit upon the Defendants by regular mail in February, 2006. None of those notices has resulted in any contact by the Defendants nor by counsel. The failure to respond has resulted in the Plaintiff causing personal service of the Complaint, Summons and Notice of Default upon the Defendants on April 28, 2006. No response to that personal service has been received by the Plaintiff nor by the Court.

23. On May 12, 2006 another Notice was served by mail upon the Defendants explaining that failure to respond by May 19th would result in the entry of a judgment by default. There has been no response to that Notice.

24. The Plaintiff's physical condition is becoming critical. He is unable to work and is under the care of physicians who are addressing his medical condition however, his condition is becoming precarious and his ability to participate in discovery and provide information needed to continue on with this case is becoming less and less secure. Plaintiff's counsel detects a possible depression which has greatly affected the Plaintiff's ability to cooperate and assist. Further delay

will only serve to enhance this prejudice to the Plaintiff.

25. It does not appear the Defendants have a litigable defense in that the Plaintiff was a prisoner incarcerated in the Defendant's institution while he was undergoing chemotherapy for Hepatitis C. The Plaintiff's physician caused the chemotherapy regimen to be delivered to the Prison but the Defendants denied the Plaintiff access to the chemotherapy thereby causing him to become critically ill. There does not appear to be a defense to the claim.

26. The Defendant's delay in responding is not explainable. Five separate notices were went to the Defendants in February notifying them of suit. Those notices were served by regular mail three times and were never returned. A presumption arises that the Notices were received and intentionally ignored.

27. Thereafter, personal service was accomplished on April 28th 2006 and that personal notice has once again been ignored.

28. By separate letter dated May 12, 2006 another notice that unless a response was filed by the 19th of May, the Plaintiff would seek a judgment by default.

29. The Plaintiff has done all that is reasonably possible to cause the Defendants to respond and has provided more than required notices to the Defendants seeking a response.

30. A copy of this Motion will be hand delivered to the Defendants at the "Gander Hill Prison" on July 24, 2006

31. The "cavalier" attitude exhibited by the Defendants together with the prejudice resulting from further delay and the fact there is no defense to the claim, virtually compels the Court to enter a Judgment by Default upon request. The Plaintiff suggests the attitude expressed by the complete failure to respond to notices and service is an example of the reason for the injury to the Plaintiff whose physician was "ignored" when she had chemotherapy drugs delivered to the Prison to be administered as directed. The Wilmington News Paper has published articles which list a series of similar incidents wherein the Defendants have ignored the medical condition of prisoners to the extent that multiple deaths have occurred.

5

This pattern is being repeated in the contemptuous and egregious actions or lack of concern expressed by the Defendants.

WHEREFORE, the Plaintiff respectfully prays the Court enter a Judgment by Default against the Defendants with Prejudice.

Respectfully submitted,

_____
Frank J. Marcone, Esquire
Attorney for the Plaintiff
Michael Salizzoni

July 24, 2006

6

*Frank J. Marcone, Esq.*                                    *Atty ID # 8967*
*2530 N. Providence Rd*                                     *Telephone 484 442 8305*
*Upper Providence, PA. 19063*                               *Fax 484 442 8306*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SALIZZONI                          :          CIVIL ACTION NO. 05-6772
     Plaintiff                        :
                              :
vs.                                        :
                              :
GANDER HILL PRISON: JOHN/JANE DOE          :
M.D. MEDICAL DIRECTOR, STATE OF            :
DELAWARE CORRECTIONAL SYSTEM               :
PRISON HEALTH SERVICES, INC., WARDEN       :
GANDER HILL PRISON, COMMISSIONER,          :
DEPARTMENT OF CORRECTIONS, STATE OF        :
DELAWARE,                                  :          jury trial demanded
     Defendants                       :

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
THE MOTION FOR JUDGMENT
BY DEFAULT FOR FAILURE TO ANSWER**

**FACTS:**

     The Plaintiff has shown suit began on December 25, 2005 and service of notice of suit was sent to the Defendants at their place of business on February 6th, February 7th, February 9th and February 15th, 2006. None of those notices which were sent by regular mail were returned to Plaintiff's counsel nor was there any response to the notices.

     Thereafter, on April 28th, 2006, personal service was accomplished and on May 12, 2006, an additional letter Notice was forwarded to the Defendants but even this has been ignored. That letter explained that unless the Defendants took steps to defend their position, judgment by default would be entered against them.

7

**ISSUE:   WHETHER THE DEFENDANTS' FAILURE TO RESPOND ENTITLES THE PLAINTIFF TO JUDGMENT BY DEFAULT.**

**DISCUSSION:**

*Federal Rules of Civil Procedure, Rule 55(b)(2)* provide for a Plaintiff to procure a judgment by default if it appears the Defendants, having been properly served with notice of suit, ignore that notice and do not file a responsive pleading nor acknowledge notice of suit.

The Third Circuit has set the parameters in which a judgment by default may be entered and the Plaintiff suggests all the parameters have been met in this case, requiring the entry of the judgment.

In **Chamberlain v. Giampapa,** *210 F.3d 154, 164 (3rd Cir. 2000)* the court applied a three factor default rule which must be met by the Plaintiff before a judgment by default may be entered or conversely before a default judgment may be opened.

Those factors are:

1.)   Is the Plaintiff able to show prejudice as a result of delay in proceeding?
2.)   Whether the defendant appears to have a litigable defense?
3.)   Whether the defendant's delay is due to culpable conduct?

The Plaintiff asserts all three factors are present in the instant case and that the law provides judgment by default must be granted upon proper application.

Suit began in this case in late December, 2005 with five separate mailings provided to the Defendants in February, 2006 informing them of the Plaintiff's claim.  Each of those mailings sought the cooperation of the Defendants requesting a voluntary response thereby eliminating the need to have personal service of the Summons and Complaint.  Each of those notices also notified the Defendants that if they chose to ignore the notices thereby requiring personal service, they would be responsible for the expenses and costs involved in personal service.

Each of the Defendants ignored those five notices.

Thereupon, the Plaintiff had a process server authorized by the Clerk and on April 28, 2006, personal service was accomplished by handing a copy of both the Summons and Complaint for each of the Defendants to a person claiming to be authorized to accept service of lawsuits.

That personal service explained a response must be filed on or before twenty days passed and spelled out that unless a response was filed, the Plaintiff would be seeking a judgment by default on or after May 19th, 2006.  A separate Notice was sent to the Defendants on May 12, 2006, reminding them of the deadline and that Default Judgment would be requested.

The Plaintiff suggests this evidences more than "culpable conduct" as is described in the case law.

Further, the claim by the Plaintiff is that while he was incarcerated at the "Gander Hill" Prison on a mistaken belief that he had not paid child support in New Jersey, ( He had made an improper driving turn and when he was stopped by the Police a computer search showed he had an outstanding warrant from New Jersey resulting from a notice to appear sent to the wrong address.)

Prior to his unexpected incarceration, the Plaintiff had been undergoing an intense regimen of chemotherapy by the Veterans' Administration for Hepatitis C.   That disease is curable by use of chemotherapy but once chemotherapy begins, it must be completed for any delayed break results in the body developing an immunity to the treatment, thereby preventing an effective subsequent therapy.   The doctor treating the Plaintiff was informed of his imprisonment and she caused the required drugs to be delivered to the Prison with instructions to the Medical personnel on the administration of the therapy.  That instruction was simply ignored and the Prison staff "could not be bothered" with the treatment.  They ignored the instructions just as they are ignoring the notices of suit.

The Plaintiff believes there is no defense to the failure to provide him with the chemotherapy.

Lastly, the Plaintiff is now suffering from the symptoms of his disease and since the only hope he had to save his life was denied him by the Defendants, he suggests further delay will

result in prejudice for he is losing his ability to act in his own behalf on a daily basis.  His ability to assist counsel in the presentation of evidence and to properly present his case is in severe jeopardy.  His condition has deteriorated to the point he is not able to work and he is seeking continuous medical attention.

Further delay will be prejudicial to his suit.

In two recent 2003 decisions in the Third Circuit, the issues above were examined in the context of whether a judgment by default should be granted and then, once granted, should the judgment be opened.

In **Hill v. Williamsport Police Dept.,** *69 Fed. Appx.49 (C.A.3 (Pa))*, the court examined a scenario where Hill had sought a default judgment against the police based upon their failure to file an answer to his 1983 complaint.  The Third Circuit affirmed the denial of his relief on the basis that Hill did not even assert he was being prejudiced by the delay.   Further the court noted that Hill was unable to provide any evidence that the police had acted willfully or recklessly in failing to respond to his complaint.  Following the precedent in Chamberlain (supra), the court concluded Hill had not even asserted "prejudice" nor had he been able to show "culpable" acts by the defendant police which supported granting his motion for judgment.

The court looked at the accepted definition of "culpable" conduct and stated "culpable conduct 'is conduct that is taken willfully or in bad faith'" (citing Chamberlain (supra).

Before the court examined the case, the police had filed their answer and had asserted the failure to do so was a result of an "administrative" error.  From reading the Opinion, it appears the police had entered an appearance but had not filed an Answer.

In this case the Defendants have ignored five separate mailed notices of suit, a personal service of the notice and a subsequent Notice on May 12th reminding them that unless they respond by the 19th of May, they will be in default.  It is now the 25th day of May and no response whatsoever has been received to the seven separate notices of suit.

The Plaintiff suggests this is conduct that is willful or in bad faith.

The Plaintiff also avers this is a pattern of ignoring the responsibilities imposed upon jailers and may evidence an "arrogant" disregard for the courts due to a misplaced belief that the institution is above the law.   This simply may not be tolerated and if necessary, the Plaintiff will be able to produce copies of news articles in the Delaware papers evidencing this ignoring of what is the responsibility of the institution and its administrators and medical stain ff is a pattern which has even resulted in legislative hearings to inquire why.

The more recent decision by the Third Circuit is the case of *Kelly v. Luzerne Intermediate Unit, 71 Fed. Appx. 116 (C.A. 3(Pa))* wherein the issue was not should a default have been granted but conversely, should one which was granted be opened.

The test however is identical.  In *Kelly* (supra), a default had been granted against a teacher who had been allegedly to have sexually harassed one of his students. *(Kelly).*  The district court had denied the motion and the Third Circuit reviewed to determine if the district court had abused its' discretion.

The facts in that case almost mirror this one.  The Kelly's lawyer had mailed a summons and complaint on May 8, 2000. (In Salazzoni, five mailings preceded personal service. giving the instant case even stronger reasons to grant default judgment.)  The defendant, Jerrytone, did not accept informal service and on August 8, 2000 Kelly served Jerrytone formally.   On October 26, 2000, counsel for Kelly sent a letter to Jerrytone's residence informing him of counsel's intention to enter a default judgment.  Thereafter, on November 10, 2000 Kelly's lawyer sent a copy of the motion for entry of judgment.

On December 5, 2000, the clerk entered a default against Jerrytone.

In this case, on May 12, 2006, the Plaintiff mailed a Notice that unless a response was filed by May 19th, a default would be sought.  A copy of this Motion and Memorandum will be hand delivered to the office of the Defendant by Plaintiff's counsel onJuly 24, 2006

Judge Rosenn, writing for the Court said while the courts generally disfavor default judgments if the record reveals lifting the default would prejudice the plaintiff; whether the defendant has a prima facie meritorious defense; whether the defaulting defendant's conduct is excusable or culpable and whether alternative sanctions would be effective.

11

In that case, the judgment was not opened.

It is respectfully suggested that as in **Kelly** (supra) the defendants were culpable for their failure to respond.  In this case, that culpability and the prejudice to the Plaintiff compels the entry of the judgment requested.

Respectfully submitted,

_____
Frank J. Marcone, Esquire
Attorney for the Plaintiff,
Michael Salizzoni

July 24, 2006

12

| Frank J. Marcone, Esq. | 610 595 1441 |
|---|---|
| 2530 North Providence Road | fax    610 505 1448 |
| Upper Providence, Pennsylvania 19063 | Atty ID#        08967 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | NO. 05-CV-6772 |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D.MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GAMDER HILL PRISON. COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONSK, STATE OF | : | |
| DELAWARE | : | |
| Defendants | : | Jury Trial Demanded |

## NOTICE OF LAWSUIT AND
## REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:    Gander Hill Prison (MPCJF)
       Howard R. Young Correctional Institution
       1301 East 12th Street
       Wilmington, DE 19801

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Eastern District of Pennsylvania and has been docketed number 05cv6772.

This in not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The costs will be avoided it I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you have been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (90 days from the date if your address is not in any judicial district of the United States.)
Page 2

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the next page (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of plaintiff, this 24th day of April, 2006.

Date: February 6, 2006

_____
Frank J. Marcone, Esquire
2530 North Providence Road
Upper Providence, PA 19063
610-595-1441
610-595-1448 (fax)
Attorney for Plaintiff,
Michael Salizzoni

# EXHIBIT A

*Frank J. Marcone, Esquire*
*Attorney at Law*

(610) 595 1441                                                          Fax (610) 595 1448

2530 North Providence Road, Upper Providence, Pennsylvania 19063
*federal practice only*

February 6, 2006

Gander Hill Prison (MPCJF)
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19801

**Re:    Michael Salizzoni vs. Gander Hill Prison, John/Jane Doe M.D. Medical
Director, State of Delaware Correctional System Prison Health Services, Inc.,
Warden Gander Hill Prison, Commissioner, Department of Corrections, State
of Delaware
United States District Court for the Eastern District of Pennsylvania
No. 05-cv-6772**

Dear Sir or Madam:

Please be advised a civil action has been brought against you in the United States
District Court for the Eastern District of Pennsylvania, being Joan Randazzo and David
Hatchigian vs. Hartford Insurance Company, a/k/a AARP Insurance Company. The
number assigned to the case is 06-cv-1589.

I am enclosing the following pursuant to the Rules of Civil Procedure:

1)    Complaint;
2)    Notice of Lawsuit and Request for Waiver of Service of Summons;
3)    Two (2) copies of the Waiver;
4)    Duty to Avoid Unnecessary Costs of Service of Summons;
5)    Notice of Right to Consent to Exercise of Jurisdiction by a United
       States Magistrate Judge;
6)    Self Addressed Stamped Envelope.

Please note the information contained in the Notice of Lawsuit and Request for

15

Waiver of Service of Summons and the Waiver of Summons regarding the time in which an answer must be filed.

Gander Hill Prison (MPCJF)
RE: Michael Salizzoni vs. Gander Hill Prison, et al.
February 6, 2006
Page -2-

_____

     I trust you will comply with these requirements and I strongly suggest that the enclosed are immediately forwarded to your solicitor and to the insurance carrier for response.

     Very truly yours,


     Frank J. Marcone

FJM:sm
enclosures
cc:    Michael Salizzoni  w/enclosure


# EXHIBIT B

| Frank J. Marcone, Esq. | 610 595 1441 |
|---|---|
| 2530 North Providence Road | fax    610 505 1448 |
| Upper Providence, Pennsylvania 19063 | Atty ID#        08967 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | NO. 05-CV-6772 |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D.MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GAMDER HILL PRISON. COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONSK, STATE OF | : | |
| DELAWARE | : | |
| Defendants | : | Jury Trial Demanded |

## NOTICE OF LAWSUIT AND
## REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:    Gander Hill Prison (MPCJF)
        Howard R. Young Correctional Institution
        1301 East 12th Street
        Wilmington, DE 19801


A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).  A copy of the complaint is attached to this notice.  It has been filed in the United States District Court for the Eastern District of Pennsylvania and has been docketed number 05cv6772.

This in not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The costs will be avoided it I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope (or other means of cost-free return) for your use.  An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court

17

and no summons will be served on you. The action will then proceed as if you have been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (90 days from the date if your address is not in any judicial district of the United States.)
Page 2

       If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the next page (or at the foot) of the waiver form.

       I affirm that this request is being sent to you on behalf of plaintiff, this 9TH day of February, 2006.


_____

Frank J. Marcone, Esquire                  Date: February 9, 2006
2530 N. Providence Road
Upper Providence, PA 19063
610 595 1441
610 595 1448 (fax)
Attorney for the Plaintiff
Michael Salizzoni.


# EXHIBIT C

Frank J. Marcone, Esq.                              610 595 1441
2530 North Providence Road                fax    610 505 1448
Upper Providence, Pennsylvania 19063      Atty ID#        08967

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | NO. 05-CV-6772 |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D.MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GAMDER HILL PRISON. COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONSK, STATE OF | : | |
| DELAWARE | : | |
| Defendants | : | Jury Trial Demanded |

## NOTICE OF LAWSUIT AND
## REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:    Gander Hill Prison (MPCJF)
       Howard R. Young Correctional Institution
       1301 East 12th Street
       Wilmington, DE 19801


       A lawsuit has been commenced against you (or the entity on whose behalf you are
addressed).  A copy of the complaint is attached to this notice.  It has been filed in the United
States District Court for the Eastern District of Pennsylvania and has been docketed number
05cv6772.

       This in not a formal summons or notification from the court, but rather my request that
you sign and return the enclosed waiver of service in order to save the cost of serving you with a
judicial summons and an additional copy of the complaint.  The costs will be avoided it I receive
a signed copy of the waiver within 30 days after the date designated below as the date on which
this Notice and Request is sent.  I enclose a stamped and addressed envelope (or other means of
cost-free return) for your use.  An extra copy of the waiver is also attached for your records.

       If you comply with this request and return the signed waiver, it will be filed with the court

and no summons will be served on you. The action will then proceed as if you have been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (90 days from the date if your address is not in any judicial district of the United States.)

Page 2

   If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the next page (or at the foot) of the waiver form.

   I affirm that this request is being sent to you on behalf of plaintiff, this 15TH day of February, 2006.


_____

Frank J. Marcone, Esquire          Date: February 15, 2006
2530 N. Providence Road
Upper Providence, PA 19063
610 595 1441
610 595 1448 (fax)
Attorney for the Plaintiff
Michael Salizzoni.

# EXHIBIT D

*Frank J. Marcone, Esquire*

*Attorney at Law*

*2530 North Providence Road, Upper Providence, Pennsylvania 19063*

(610) 595 1441                                                    Fax (610) 595 1448

*federal practice only*

May 12, 2006

Gander Hill Prison
State of Delaware Correctional System
Prison Health Services, Inc.
Warden, Gander Hill Prison
Commissioner, Department of Corrections
State of Delaware
(Howard R. Young Correctional Inst.)
1301 East 12th Street
P.O. Box 9279
Wilmington, Delaware, 19809

Gentlemen:

     Service of a Complaint and Notice that unless a response is received by the Court on or before the 19th of May, a Judgment by default will be entered against you has been served upon your office on April 28, 2006.

     The Complaint which has been served upon your office is captioned as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SALIZZONI | : | CIVIL ACTION NO. 05-6772 |
|     Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| GANDER HILL PRISON: JOHN/JANE DOE | : | |
| M.D. MEDICAL DIRECTOR, STATE OF | : | |
| DELAWARE CORRECTIONAL SYSTEM | : | |
| PRISON HEALTH SERVICES, INC., WARDEN | : | |
| GANDER HILL PRISON, COMMISSIONER, | : | |
| DEPARTMENT OF CORRECTIONS, STATE OF | : | |

21

DELAWARE,                                          :          jury trial demanded
                      Defendants                   :
_____

Defendants
May 12, 2006
page 2
_____

      Please attend to this as Notified.

      Very truly yours,


      Frank J. Marcone
FJM/sm
cc: Hon. Anita B. Brody
    Michael Salizzoni


# EXHIBIT E

## CERTIFICATION OF SERVICE

Frank J. Marcone, Esquire, attorney for the Plaintiff, Michael Salizzoni does hereby Certify that on July 24th, 2006, at approximately 3:45 P.M., he hand delivered a true and correct copy of the attached Motion for Default Judgment to the Gander Hill Prison, also known as the Howard R. Young, Correctional Institution located at 1301 E. 12th Street, Wilmington, Delaware 19801 and presented said copy to Cpl. B. Fote and Cpl. J. Edwards who summoned Lieut. P. Sheets. Lieut Sheets was told the document was seeking a judgment since no one at the Correctional Institution had responded including the medical staff. He hand carried the document into an office off the lobby and it appeared he was delivering the document to someone in control.

_____
Frank J. Marcone, Esquire
Attorney for Michael Salizzoni, Plaintiff.

**July 25, 2006**

23