IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Salizzoni, )<br>　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　)<br>　　v. )<br>　　　　　　　　　　　　　　　　　) Civil Action No. 05-6772<br>Gander Hill Prison; John/Jane Doe; M.D. )<br>Medical Director; State of Delaware )<br>Correctional System, Prison Health Services, )<br>Inc.; Warden Gander Hill Prison; Commissioner)<br>Department of Corrections, State of Delaware, )<br>　　Defendants. ) | |

## STATE DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

State of Delaware, Department of Correction, and its Commissioner and Warden, prison officials ("State defendants"), by and through undersigned counsel, hereby oppose the entry of default judgment pursuant to Federal Rules of Civil Procedure Rule 55 (c). In support of the opposition, defendants offer the following to demonstrate good cause why default should not be entered against them.

　FACTS

1.　On or about December 25, 2005, plaintiff[1] filed the instant lawsuit within the Eastern District Court of Pennsylvania pursuant to 42 U.S.C. §1983 alleging a deprivation of plaintiff's rights to adequate medical treatment against the above captioned defendants.[2]

2.　This action is based on plaintiff's allegation that his civil liberties were

---

[1] According to the Complaint, Michael Salizzoni is a Delaware resident of 661 Whiterock Road, Bear, Delaware 19701. At all relevant times, plaintiff resided in the State of Delaware.

[2] Defendants are the State of Delaware, and its agents and state officials. By entering a limited appearance, State Defendants do not intend to avail themselves of the general jurisdiction of Pennsylvania and do not intend to waive any jurisdictional defenses available to this action.

violated when he was a prisoner at the Howard R. Young Correctional Institution ("HRYCI"), in Wilmington, Delaware a/k/a Gander Hill, on or about November 23, 2002[3]. (D.I.1). Plaintiff alleges that he suffered the disease Hepatitis C for which he treated with chemotherapy. Id. He further alleges that during his brief incarceration in the custody of the Delaware Department of Correction ("DDOC") he was prevented from continuing his course of therapy. Id. As a result, he alleges, "interruption in his regimen of treatment had probably rendered the disease terminal." Id.

3. Service of the summons and complaint had not been accomplished upon any defendant within 120 days after filing of the complaint as required by Federal Rules of Civil Procedure 4 (m). Neither the State Defendants nor the Attorney General were served with copies of Plaintiff's complaint or in accordance with 10 Del. C. § 3103(c).[4] Plaintiff sought leave to extend service to no later than May 10, 2006. (D.I. 4). The Court granted plaintiff's motion to extend the time for service. (D.I. 5). A review of the court docket entries reveals " summons returned executed filed by Michael Salizzoni re: Robert Frick served Summons and Complaint upon Gander Hill prison by personal service." (D.I. 6).

4. On or about July 25, 2006, Plaintiff filed a motion for default judgment against all of the above-captioned defendants with the District Court. (D.I. 8). However, on July 28, 2006, the Delaware Department of Justice received a letter dated July 24,

---

[3] Plaintiff's last known period of incarceration was during a three week period commencing November 13, 2002 through December 6, 2002.

[4] **10 Del. C. § 3103** reads, in pertinent part, **(c)** "No service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General."

2004 advising that Plaintiff had filed a motion for a default judgment against the defendants. (D.I. 9). This is Defendants' opposition to Plaintiff's Motion for Default Judgment.

ARGUMENT

5. Federal Rules of Civil Procedure Rule 55 (b) provides: "when a party has failed to appear, plead or otherwise defend, as provided by these Rules, and that fact is made to appear, judgment by default *may* be entered . . . ." [emphasis added]. Whether a default judgment shall issue is in the Court's discretion.

6. The Third Circuit has adopted a policy of disfavoring default judgments and encouraging decisions on the merits. *See Harad v. Aetna Casualty & Surety Company*, 839 F.2d 979, 982 (3d Cir. 1988); *Jones v. Kearney*, 2000 WL 1876433 (D. Del.); *Ore, Inc. v. Hawkins*, 1995 WL 133637 (E.D. Pa.).

**The District Court Should Deny Plaintiff's Motion for Default Judgment**

7. The Defendants respectfully submit that it is inappropriate to enter default judgment under the circumstances present in the instant case. While the Court has not yet granted Plaintiff's motion for default, cases which set aside default judgments are instructive. Factors a court must consider to decide whether to set aside a default are: (1) whether vacating the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. *Emcasco Ins., Co., v. Sambrick,* 834 F.2d 71, 73 (3d Cir. 1987); *55,518.05 in U.S. Currency,* 728 F.2d 192 (3d Cir.1984); *Feliciano v. Reliant Tooling*

*Co.,* 691 F.2d 653, 656 (3d Cir.1982); *Spurio v. Choice Sec. Sys., Inc.,* 880 F. Supp. 402, 404 (E.D.Pa.1995). All three factors must favor the party seeking a default judgment. Delay, by itself, is rarely sufficient to establish the required degree of prejudice necessary to support a default judgment. *Feliciano*, 691 F.2d at 656.

8. Default is not favored and doubt should be resolved in favor of setting aside a default and reaching a decision on the merits. *99 Stores, Inc. v. Dynamic Distributors*, C.A. No. 97-3869, 1998 WL 24338, at *4 (E.D.Pa. 1998) (Exhibit A) (setting aside default judgment based on lack of prejudice, assertion of meritorious defense, and lack of culpable conduct by the Defendants) (*citing Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120, 122 (3d Cir.1983) and *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir.1982)). The Third Circuit has noted that "a standard of 'liberality,' rather than 'strictness' should be applied in acting on a motion to set aside a default judgment, and that '(a)ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Medunic v. Lederer,* 533 F.2d 891, 893-94 (3d Cir. 1976) (quoting *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245-46 (3d Cir. 1951)).

9. Default is a disfavored manner in which to resolve litigation and Plaintiff has failed to demonstrate any prejudice which would result from allowing this case to proceed on the merits. Additionally, the Defendants respectfully argue that they will plead meritorious defenses and that the delay in responding to the complaint occurred through no fault of the individual defendants. According to the standards for setting aside default judgments, the Defendants would be entitled to have any default judgment set aside.

A.      **Lack of Prejudice.**

10.     The Plaintiff, incarcerated at the time of the filing of the complaint, no longer continues to be incarcerated within the State of Delaware Department of Correction. Plaintiff has failed to identify how he would suffer any prejudice by denying his motion for default judgment. The effect of denial of his motion would be to allow the case to proceed and permit Plaintiff the opportunity to litigate his claim. The delay in this matter is attributable to the Plaintiff. According to the docket, Plaintiff waited more than 120 days to effect proper service of the complaint on the defendants. (*See* D.I. 6). To the extent Plaintiff claims any prejudice, Plaintiff failed to pursue available remedies for a period of nearly three years. It would be disingenuous for Plaintiff to now claim that this delay caused him prejudice.

11.     Furthermore, Plaintiff's claim is based on rights which are not legally cognizable. Plaintiff's alleges that his civil liberties were violated when he was incarcerated for a period of approximately three weeks without adequate medical treatment. (D.I. 1). In order to state a claim for a violation of the Eighth Amendment in a case alleging inadequate medical treatment, " a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*citing Trop v.Dulles*, 356 U.S. 86, 101 (1958)).

12.     The *Estelle* test has two components, the first of which requires that the plaintiff shows a serious medical need. *Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir. 1987) (quotations and citations omitted), *cert. denied*, 486 U.S. 1006 (1988). To satisfy the "deliberate indifference" portion of the *Estelle* test, a plaintiff must allege that a

defendant either acted with reckless disregard for, or with actual intent to disregard, his medical condition. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). In *Farmer v. Brennan*, the Supreme Court set forth a subjective standard for the purpose of determining deliberate indifference:

> We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must be aware of facts from which there could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
> 511 U.S. 825, 834 (1994).

"Thus, under this prong, a prisoner must show not only that the official knew of the serious medical need, but also that he or she consciously disregarded it." *Waller v. O'Day*, Civ. A. No. 96-45 RRM, McKelvie, J., slip op. at 9 (D. Del. 1996)(citation omitted). Plaintiff fails to identify an act or omission with deliberate indifference performed by any individual state official or employee from the Howard R. Young Correctional Institution that would state a claim under the Eighth Amendment. As *Estelle* explains, "mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." *Estelle*, supra, n. 21. See also, *Fitzgerald v. Septer*, 1998 U.S. Dist. LEXIS 23397, C.A. No. 97-663-JJF at 2 (D. Del. July 27, 1998) (holding that claim alleging mere dissatisfaction with medical care administered to prisoner is insufficient to support cognizable claim under § 1983); *Johnstone v. United States*, 980 F. Supp 148, 153 (E.D. Pa. 1997).

13. Plaintiff's claim is non-meritorious *ab initio*. He cannot possibly establish that the delay in responding to his complaint has prejudiced his ability to litigate or

recover.[5]

## B. Defendants have demonstrated a *prima facie* meritorious defense.

14. To determine whether a defense is meritorious, the court considers the plaintiff's allegations. *See 55,518.05 in U.S. Currency,* 782 F.2d at 195. The Defendants assert that reading the allegations of the complaint as true Plaintiff fails to state a claim upon which relief can be granted. At best, Plaintiff alleges solely *negligent* treatment of a medical condition. Even assuming Plaintiff's complaint could survive the pleading stage the Defendants will raise lack of jurisdiction, the Eleventh Amendment, statute of limitations, qualified immunity, and the Prison Litigation Reform Act (PLRA) as defenses to Plaintiff's claims. The Defendants will raise meritorious defenses to Plaintiff's claims and Plaintiff has suffered no prejudice by this delay. Therefore, Plaintiff's motion for default judgment should be denied.

## C. The Defendants' individual conduct is not culpable.

15. In evaluating whether defendants' conduct is culpable, the court must decide if defendants' actions were caused by mistake or excusable neglect. *See, Feliciano*, 691 F.2d at 656. The individual defendants did not intentionally, knowingly, or recklessly attempt to delay the proceedings in this matter. The Delaware Department of Justice routinely (and almost exclusively) represents the State, state officials and employees in relation to suits arising from their employment. *See*, 10 Del. C. § 3925.

16. Federal Rules of Civil Procedure Rule 55 (b) provides:

[W]hen a party against whom a judgment for affirmative relief is sought, has failed to appear, plead, or otherwise defend as provided by these Rules, and that fact is made to appear, judgment by default may be

---

[5] This argument is not intended to suggest that the Defendants simply ignored the complaint because they believed it was frivolous. If permitted, the Defendants will submit their arguments for dismissal to the Court for its determination.

entered.

This rule must be read in conjunction with 10 Del. C. §3103(c) concerning service of process upon the State, its officers and employees. The Defendants in this action are officers of the state government and the claim against them arose in connection with the exercise of their official powers and duties. To this date, the Plaintiff has failed to serve any member in the Attorney General's office. Therefore, no service of summons upon the Defendants in this matter is complete and a response is not required. Until a return showing proper service upon the defendant is before the court, judgment by default should not be granted. *See*, *Gold Kist, Inc.*, *v. Laurinburg Oil Company*, 756 F.2d 14, 18-19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is *a fortiori*, void, and should be set aside.").

17. Moreover, the court lacks *in personam* jurisdiction to enter a default because the defendants were never properly served with the complaint. Plaintiff's failure to appropriately serve the Defendants excuses their neglect to respond to the complaint and default is inappropriate. *Gold Kist*, 756 F.2d at 19.

CONCLUSION

Plaintiff fails to demonstrate that he will suffer substantial prejudice if the default judgment is not entered and he is required to proceed to trial. Absent a showing of substantial prejudice, no harm exists in permitting the Defendants to respond to the complaint and Plaintiff's motion for default judgment is properly denied. *99 Stores, Inc. v. Dynamic Distributors*, supra at *4 (E.D.Pa. 1998).

Wherefore, for the hereinabove reasons, State defendants respectfully request that the Court deny Plaintiff's requests for default or entry of a default judgment

in this matter and further request that the Court permit State defendants twenty (20) days to answer or otherwise defend against the complaint.

                                              **STATE OF DELAWARE**
                                              **DEPARTMENT OF JUSTICE**

                                              /s/ Ophelia M. Waters, *pro hac vice*
                                              Ophelia M. Waters, ID#3879
                                              Deputy Attorney General
                                              Department of Justice
                                              820 N. French Street, 6th Floor
                                              Wilmington, Delaware 19801

                                              Attorney for State Defendants

Dated: August 18, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Salizzoni,<br>　　　Plaintiff,<br><br>　　　v.<br><br>Gander Hill Prison; John/Jane Does; M.D.<br>Medical Director; State of Delaware<br>Correctional System, Prison Health Services,<br>Inc.; Warden Gander Hill Prison; Commissioner<br>Department of Corrections, State of Delaware,<br>　　　Defendants. | Civil Action No. 05-6772 |

### ORDER

**WHEREAS,** the State Defendants' failure to respond to Plaintiff's complaint was the result of excusable neglect;

**WHEREAS,** the State Defendants have a meritorious defense to the underlying claim;

**WHEREAS,** the Plaintiff has failed to show that he will suffer substantial prejudice if a default judgment is not entered, and

**WHEREAS**, the Court finds the State Defendants have filed an appropriate Opposition to entry of Default Judgment,

**IT IS SO ORDERED** this _____ day of _____, 2006, the Plaintiff's Motion for Default Judgment is **DENIED.**

_____
The Honorable Anita B. Brody

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, I electronically filed *State Defendants' Memorandum in Opposition to Default Judgment* with the Clerk of Court using CM/ECF. I hereby certify that on August 18, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant(s): Frank J. Marcone, Esquire, 2530 N. Providence Rd, Upper Providence, Pennsylvania 19063, Amy Zapp, Esq., Office of Attorney General, Walnut Street and Market Street, 16th Floor, Strawberry Square, Harrisburg, PA 17120.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

<u>/s/ Ophelia M. Waters</u> , *pro hac vice*
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us